**Karon DAVIS et al., Plaintiffs,**

v.

**Charles REED, Jr., et al., Defendants.**

**No. EC 74–55–K.**

United States District Court, N. D. Mississippi, E. D.

Dec. 23, 1976.

Melvyn R. Leventhal, New York City, for plaintiffs.

Giles W. Bryant, Asst. Atty. Gen., Jackson, Miss., for defendants.

## MEMORANDUM ORDER

KEADY, Chief Judge.

This action was brought by parents of black students enrolled in the Mississippi School for Blind "Colored" Children to terminate the operation of a dual racial school system for blind children in Mississippi. Defendants originally denied that they were operating racially segregated schools for blind children, but approximately one month after commencement of this action, a resolution which effectively desegregated the schools for the blind was adopted by the defendant Trustees of the Mississippi Schools for the Blind. This resolution formed the basis for the Consent Decree entered in this cause on August 15, 1974.

The motion of plaintiffs for an award of attorney fees is now before the court. We agree with plaintiffs that such an award is authorized in this case by the Emergency School Aid Act of 1972, 20 U.S.C. § 1617,[1] as this action, in the court's opinion, was necessary to bring defendants into compliance with the Fourteenth Amendment to the Constitution of the United States. It is immaterial that the suit was resolved by consent decree incorporating the resolution of the Board of Trustees, for there is no reason to believe the Trustees would have adopted the resolution in the absence of this lawsuit. *See Aspira*

---

1. An alternative authorization for an award of attorney fees is the Civil Rights Attorney's Fees Award Act of 1976, P.L. 94–559. *See Wade v. Miss. Cooperative Extension Service,* 424 F.Supp. 1242 (N.D.Miss.1976).

*of New York, Inc. v. Board of Education of the City of New York*, 65 F.R.D. 541 (S.D. N.Y.1975).

■ By affidavits, plaintiffs assert entitlement to attorney fees for the following: (1) time of attorney Melvyn R. Leventhal:

| Date | Service | Hours Expended |
|------|---------|---------------|
| April 16–May 15, 1974 | Meetings with plaintiffs; investigation of facilities for the blind. | 10 |
| May 15-16 | Statutory research, drafting complaint, review of complaint with clients. | 10 |
| August 1 | Notice of Deposition upon Oral Examination, telephone conference with counsel opposite | 1-1/2 |
| August 12-13 | Preparation for and depositions for all defendants | 9 |
| August 5-12 | Preparation of and review of draft consent orders, meetings with counsel opposite and arrangements for entry of such an order | 15 |
| | | 45.5 hours |

(2) for attorney Fred L. Banks, Jr.:

| Date | Service | Hours Expended |
|------|---------|---------------|
| May 15-16, 1974 | Office Conference/ Melvyn R. Leventhal | .5 |
| August, 1974 | Review of Proposed Consent Decree | .5 |
| Nov. 25, 1974 | Review of 1st Report of Court | .5 |
| Jan. 2, 1975 | Discussion & Execution of Order Amending Grade Sturcture | .5 |
| June 30, 1976 | Status Report (Travel to Aberdeen) | 6.5 |
| August 11, 1976 | Preparation of Motion, Affidavit & Memorandum on Attorneys Fees | 2.0 |
| | | 10.5 hours |

In addition, plaintiffs seek reimbursement of the following expenses:

| | |
|---|---|
| Filing Fee | $15.00 |
| Marshal's Fee | 123.16 |
| Depositions | 246.00 |
| Postage | 9.76 |
| Xeroxing (233 copies at 15¢ | 34.95 |
| | $428.87 |

*Fairley v. Patterson*, 493 F.2d 598, 607, n. 14 (5 Cir. 1974).

**2.** The court, of course, is not bound in every case to accept the prevailing party's figures, but "may weigh the hours claimed against his [the trial judge's] own knowledge, experience, and expertise of the time required to complete

■ The court accepts plaintiffs' figures as to hours expended and expenses incurred.[2] We do not believe, however, Out-of-pocket expenses, when reasonable and when necessarily incurred in preparing for litigation, are of course, recoverable, that any expenses or attorney fees should be allowed in connection with the deposi-

similar activities," *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5 Cir. 1974); see *Latham v. Chandler*, 406 F.Supp. 754 (N.D. Miss.1975).

tions taken by plaintiffs on August 12 and 13, 1974, only two days prior to the court's approval of the proposed consent decree. These amounts can hardly be characterized as reasonably necessary for preparation of plaintiffs' case, especially in light of attorney Leventhal's affidavit to the effect that he spent 15 hours between August 5 and 12, 1974, in "preparation of and review of draft consent orders, meetings with counsel opposite and arrangements for entry of such an order." We therefore find that Leventhal expended only 35 compensible hours in this action and that the claimed expense of $246 for depositions is not allowable in this award of attorney fees. We also do not believe that the time claimed by attorney Banks for establishing plaintiffs' entitlement to an award of attorney fees should be included in the calculation of a reasonable attorney fee award, *Latham v. Chandler*, 406 F.Supp. 754 (N.D.Miss.1975). Banks is thus entitled to compensation for 8.5 hours spent on this suit.

Plaintiffs' asserted rate of $50 per hour for computation of the award of attorney fees is in excess of what this court will allow, even for the services of experienced and capable counsel such as represented plaintiffs here. Rates of $35 and $40 per hour have been used by the court as a reasonable basis for the allowance of attorney fees, *Payne v. Travenol Laboratories, Inc.*, No. DC 72–13–S (Dec. 8, 1976); *Latham v. Chandler*, supra; *Ayers v. Western*

*Line Consolidated School District*, 404 F.Supp. 1225, 1228 (N.D.Miss.1975). However, "[t]ime spent on out-of-court matters, such as drafting pleadings, writing briefs, and traveling to and from court appearances, is customarily compensated at substantially less than $35.00 or $40.00 in the Greenville area," *Ayers*, supra, at 1228. We believe $25 per hour is reasonable compensation for the out-of-court time expended in this case by plaintiffs' counsel, other than travel time, which we think is adequately compensated at the rate of $20 per hour. Plaintiffs are therefore entitled to an award of attorney fees in the following amount:

```
Leventhal:  35 hours at $25/hr.        =     $875.00

Banks:   2 hours at $25/hr.                     50.00
         6.5 hours at $20/hr.          =       130.00

Out-of-pocket expenses:
         $428.87 - $246                =       182.87

                    Total                   $1,237.87
```

It is accordingly

ORDERED

That plaintiffs have of and recover from defendants, in their official capacities, the sum of $1,237.87 as an award of reasonable attorney fees and expenses incurred in this cause.