Rita JOHNSON et al., Plaintiffs-Appellees-Cross Appellants,

v.

The STATE OF MISSISSIPPI et al., Defendants-Appellants-Cross Appellees.

No. 78–3433
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1979.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

A. F. Summer, Atty. Gen., Hubbard T. Saunders, IV, Sp. Asst. Atty. Gen., Jackson, Miss., for defendants-appellants-cross appellees.

Wynn & Bogen, Eugene M. Bogen, Greenville, Miss., for plaintiffs-appellees-cross appellants.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

RONEY, Circuit Judge:

The district court attorney's fee award in this civil rights class action suit pleased neither party. Defendants argue on appeal that special circumstances made the award of an attorney's fee under 42 U.S.C.A. § 1988 unjust. Plaintiffs contend the award should be increased to reflect time spent litigating entitlement to fees and time spent prosecuting two appeals to this Court.

We conclude that the district court did not abuse its discretion in awarding attorney's fees but improperly excluded from consideration time spent reviewing defend-ants' fee objection. The award must also be enlarged to include attorney's fees for prosecuting both appeals.

In 1978 the District Court for the Northern District of Mississippi declared Mississippi Code § 37–41–3 (Supp.1977) unconstitutional and permanently enjoined its enforcement. The statute provided that students living one mile or more from their attendance centers were entitled to state financed transportation, with the exception that students residing within the corporate limits of a municipality and attending school within those corporate limits were not entitled to free transportation regardless of the distance from their school. This distinction between students residing within and without corporate limits was held to be an unconstitutional denial of equal protection, both on its face and as applied.

During the pendency of the State's appeal, the Mississippi Legislature amended the statute so as to provide free transportation to all students living one mile or more from their schools. On December 14, 1978, this Court dismissed the appeal as moot and remanded the case to the district court for dismissal of the complaint "after an appropriate adjudication as to the reserved issue of attorneys' fees." *Johnson v. State of Mississippi,* 586 F.2d 387, 388 (5th Cir. 1979).

Prior to this Court's ruling, however, the district court already had entered an order awarding the plaintiffs $7,500.00 in attorney's fees, $200.78 in expenses, and $31.00 in costs. It is that order from which both parties appeal.

### Existence of "Special Circumstances" Rendering Award Unjust

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.A. § 1988 (Supp.1979), provides that the district court may, in its discretion, award the prevailing party in a civil rights suit reasonable attorney's fees. Generally, the prevailing plaintiff should recover an attorney's fee unless special circumstances would render such an award unjust. *Criterion Club of Albany v. Board of Commissioners,* 594 F.2d 118, 120

(5th Cir. 1979); *Morrow v. Dillard,* 580 F.2d 1284, 1300 (5th Cir. 1978); *Gore v. Turner,* 563 F.2d 159, 163 (5th Cir. 1977).

Defendants do not challenge plaintiffs' status as "prevailing parties" within the meaning of § 1988, nor do they contend that the award is excessive or that the district court misapplied *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), in calculating the amount of fees. Defendants' sole argument centers on the "special circumstances" exception to § 1988. The circumstances upon which they rely include: (1) that they believed the challenged statute was constitutional, given the decision in *Sparrow v. Gill,* 304 F.Supp. 86, 91 (M.D.Md.1969), upholding a similar law; (2) that the fee award must be paid from the limited budget of the State Board of Education and the financial burden will fall on the taxpayers of Mississippi; (3) that defendants' conduct was required by the Mississippi Legislature; and (4) that this case does not involve "invidious" discrimination.

In arguing the existence of special circumstances, defendants stress *Henderson v. Fort Worth I.S.D.,* 574 F.2d 1210, *vacated en banc,* 584 F.2d 115 (5th Cir. 1978), *cert. denied,* 441 U.S. 906, 99 S.Ct. 1996, 60 L.Ed.2d 375 (1979). The citation of *Henderson* as precedent is totally inappropriate. The *Henderson* panel decision was declared of no precedential value by the *en banc* court. Although the Court reached an even division on the issues raised in that appeal, the Court unanimously agreed that the panel opinion was vacated by the grant of the petition for rehearing and "has no precedential value." 584 F.2d at 116.

Since the writer of this opinion wrote the panel opinion in *Henderson,* however, it might be appropriate here to point out that even had *Henderson* remained in effect, it would have furnished meager ammunition for defendants' attack. The district court in *Henderson* denied attorney's fees. In affirming the denial, this Court found relevant circumstances similar to those raised by defendant here. *See Henderson,* 574 F.2d at 1212–1214. In closing, however, the panel was careful to note that "[t]he standard of review being what it is, this case does not hold that it would have been an abuse of discretion to award attorney's fees, only that it was not an abuse of discretion to deny them." *Id.* at 1214.

The district court here properly took notice of the closing language in *Henderson,* as well as the fact that it was pending *en banc,* and declined to rule that equally compelling special circumstances existed in this case. The "abuse of discretion" standard of review contemplates an area in which the district court can act either way, exercising its own discretion, without reversal.

■ An examination of the factors urged by defendants does not compel the conclusion that the fee award was manifestly unjust and thus an abuse of discretion. Defendants' "good faith" belief that the statute was valid is not controlling. *Brown v. Culpepper,* 559 F.2d 274, 278 (5th Cir. 1977). Nor is the fact that the financial burden of the fee award will fall on the taxpayers of Mississippi or that appellants were merely performing their duty by enforcing the statute controlling. Such a result necessarily must have been contemplated by the Supreme Court when it ruled that the Eleventh Amendment did not bar recovery of attorney's fees from state officers acting in their official capacities. *Hutto v. Finney,* 437 U.S. 678, 693–700, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). Finding no abuse of discretion in the court's awarding of attorney's fees, we affirm.

*Entitlement to Attorney's Fees For Time Spent on Fee Claim*

■ In calculating the amount of the fee award, the trial court excluded 15 hours spent by plaintiffs' counsel reviewing defendants' objection to the award and supporting memorandum. The court relied on two decisions from the Northern District of Mississippi, *Latham v. Chandler,* 406 F.Supp. 754, 757 n.2 (N.D.Miss.1976), and *Davis v. Reed,* 72 F.R.D. 644, 647 (N.D.Miss. 1976). We have found no case in which this Court directly addresses the issue.

Four of our sister circuits have held that the time expended by an attorney litigating the fee claim is justifiably includable in the court's fee award. In *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978), the court affirmed a fees award over defendants' objections that fees may not be recovered for time spent establishing and negotiating the fee claim. To deny compensation, the court reasoned, would dilute the fee award and thus be inconsistent with the Fees Act's purpose. 587 F.2d at 77.

In *Prandini v. National Tea Co.*, 585 F.2d 47 (3d Cir. 1978), the court reversed part of a district court's order for failure to include in its fee award time spent appealing a fee award and preparing the fee petition. The court observed that statutory fee authorizations are designed to encourage representation of particular types of clients and noted that, to the contrary,

> [i]f an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased.

585 F.2d at 53.

The Sixth Circuit agreed that the district court abused its discretion in refusing fees for time spent pursuing recovery of attorney's fees in *Weisenberger v. Huecker*, 593 F.2d 49, 53–54 (6th Cir. 1979), *petition for cert. filed*, —— U.S. ——, 100 S.Ct. 170, 62 L.Ed.2d 110 (1979). That court also noted the frustration of the Act's intent which such exclusions would accomplish. 593 F.2d at 54.

Finally, in *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), *petition for cert. filed*, —— U.S. ——, 100 S.Ct. 44, 62 L.Ed.2d 30 (1979), the court found the district court had erred in excluding from consideration time spent establishing the fees claim. The court found further support for its decision in the fact that the Senate Report for amendment of § 1988 had cited with approval a district court decision, *Stanford Daily v. Zurcher*, 64 F.R.D. 680, 683–684

(N.D.Cal.1974), *aff'd*, 550 F.2d 464 (9th Cir. 1977), *rev'd on other grounds*, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978), which held that denying fees for time spent obtaining fees would " 'dilute the value of a fees award by forcing attorneys into extensive, uncompensated litigation in order to gain any fees.' " 594 F.2d at 344. *See* S.Rep. No. 94–1011, 94th Cong., 2d Sess. 5, 6, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 5908, 5913.

Two more circuits, the District of Columbia and Seventh Circuits, have, without elaboration, ordered that a fee award include an amount for time spent on the fee claim. *Moten v. Bricklayers, Masons & Plasterers International Union*, 177 U.S. App.D.C. 77, 93, 543 F.2d 224, 240 (D.C.Cir. 1976); *Hairston v. R & R Apartments*, 510 F.2d 1090, 1093 (7th Cir. 1975).

This Circuit, too, appears to have implicitly adopted the same rule. In the third appeal of *Panior v. Iberville Parish School Board*, 543 F.2d 1117 (5th Cir. 1976), the sole issue on appeal was whether the district court's fee award was too low. This Court held that it was, vacated the award, and remanded to the district court for recalculation. In so ruling, the Court noted, without discussion, that "[t]he compensation and costs will also include those prosecuting this successful appeal." *Id.* at 1119 n.4. A similar order was handed down in the second appeal of *Miller v. Amusement Enterprises, Inc.*, 426 F.2d 534, 539 (5th Cir. 1970). We conclude that attorney's fees may be awarded for time spent litigating the fee claim. The portion of the district court's judgment refusing to consider fee claim time and costs is reversed. The determination of the extent to which the 15 hours claimed was reasonably necessary to review defendants' objections, we leave to the district court. *See Prandini v. National Tea Co.*, 585 F.2d at 54.

*Entitlement to Attorney's Fees For Work Performed on Appeals*

■ Plaintiffs contend that they are entitled to attorney's fees for work performed on both appeals in this case. It appears

beyond question, and the State does not dispute, that the plaintiffs are entitled to a fee for the first appeal. *Morrow v. Dillard,* 580 F.2d at 1300; *Miller v. Carson,* 563 F.2d 741, 756 (5th Cir. 1977). The district court does not appear to have addressed the question, presumably because the first appeal was still pending when the fee award was entered. We have the power to direct attorney's fees for services in this Court, *Davis v. Board of School Commissioners of Mobile County,* 526 F.2d 865, 868 (5th Cir. 1976). It is not possible, however, for this Court to enter an award, since the attorney's affidavit, which was filed the same day as the judgment on the merits, necessarily does not reflect the amount of time spent on the first appeal. Consequently, this portion of the case is remanded to the district court for a determination of an appropriate fee for the first appeal.

Plaintiffs are also entitled, for reasons discussed in the preceding section, to fees for time spent protecting their fee award on appeal. Again, the record does not show the time expended and on remand the district court must fix the amount.

To the extent the district court's order awards plaintiffs attorney's fees for work performed in securing a judgment on the merits, it is affirmed. We reverse that part of the district court's fees order which failed to include time spent in pursuit of attorney's fees and we remand to the district court for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED AND REMANDED.