**AWARE WOMAN CLINIC, INC. and Randall B. Whitney, M. D., Plaintiffs–Appellants,**

v.

**CITY OF COCOA BEACH, FLORIDA, et al., Defendants–Appellees.**

No. 79–3483
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 7, 1980.

Lucas & Miller, Roy Lucas, Lynn I. Miller, Washington, D. C., for plaintiffs-appellants.

William E. Weller, Cocoa Beach, Fla., for City of Cocoa Beach.

Before HILL, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Aware Woman Clinic, Inc. (Aware) and Randall B. Whitney, M.D. seek an award of attorney's fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988 (1979 Supp.). The district court denied the fee request. We reverse and remand the case for determination of a reasonable fee award.

Appellants instituted this 42 U.S.C. § 1983 action for declaratory, injunctive and monetary relief against the City of Cocoa Beach, the Cocoa Beach City Commission, the city commissioners in their individual and official capacities, and the city attorney. The suit arose when the city commission enacted a municipal ordinance providing for the licensing and regulation of abortion clinics and other "free standing surgical out–patient facilities." [1] Appellants alleged that the ordinance was enacted to limit access to abortion and to circumvent the requirements of *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). The district court first granted a preliminary injunction against enforcement of the ordinance. Thereafter, the court declared the ordinance unconstitutional as applied to appellants and permanently enjoined its enforcement. Memorandum Opinion of April 21, 1978, Record, vol. IV, at 740–81. The court also dismissed appellants' claims for damages, finding the appellees to be shielded by absolute immunity from damages under section 1983. *Id.* None of the parties appeal this decision.

Appellants subsequently applied to the court for an award of attorney's fees under 42 U.S.C. § 1988. In support of the fee application, they cited the favorable result in the case, the legal effort required to litigate the issue, and the large sums expended to vindicate their patients' and their own constitutional rights. The district court, after holding a full evidentiary hearing on the attorney's fee issue, denied any fee award. Aware Woman Clinic and Dr. Whitney appeal the fee denial, and we reverse.

The Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988, provides:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

In its Memorandum Opinion of September 11, 1979, Record, vol. IV, at 922, the district court first determined that plaintiffs Aware and Dr. Whitney (appellants before us) were the prevailing parties for purposes of section 1988. The court then outlined the special circumstances in the case which dictated denial of attorney's fees. First, the court found no indication in the legislative history that this type of action was contemplated by Congress when it enacted section 1988. Relying on *Henderson v. Fort Worth Independent School District*, 574 F.2d 1210, *vacated*, 584 F.2d 115 (5th Cir. 1978), *cert. denied*, 441 U.S. 906, 99 S.Ct. 1996, 60 L.Ed.2d 375 (1979) (en banc court stating that "the decision of the court of appeals has no precedential value"), the court said

---

1. Ordinance 536 establishes a licensing and regulatory scheme for all "Freestanding Surgical Out Patient Facilities," which are defined as

any institution, place or building devoted primarily to the maintenance and operation of facilities for the performance of surgical procedures or any facility in which a medical or surgical procedure is utilized to terminate a pregnancy, irrespective of whether the facility is devoted primarily to this purpose.

Record, vol. I, at 21. The ordinance goes on to exclude from this definition all hospitals or other state regulated health facilities, federally maintained out–patient facilities, dental clinics, and all doctors' offices "wherein a physician customarily does minor diagnostic and surgical procedures. . . ." *Id.* As a result of this process of definitional exclusion, appellant Aware Woman Clinic was the only out–patient facility subject to regulation under the ordinance. Memorandum Opinion of April 21, 1978, Record, vol. IV, at 743.

that 1988 had been enacted "to encourage individuals, particularly members of racial minorities, to seek relief from invidious discrimination based on race, sex, religion, wealth, and other inherently offensive criteria." Memorandum Opinion, Record, vol. IV, at 923, *quoting Henderson*, 574 F.2d at 1212. Since the regulation of abortions by the City of Cocoa Beach did not contain a gender–based classification, the ordinance did not discriminate on the basis of sex or any other suspect factor. "Therefore, in the absence of discrimination against one of the homogenous [sic] groups that Congress was attempting to protect in enacting § 1988, the award of attorney's fees in this case would be unjust." *Id.* at 924.

As its second reason for denying a fee award in the case, the court cited the financial impact which would fall on the individual taxpayers who had not participated in any discriminatory act. "[I]t would be unjust to award attorney's fees to be paid by the citizens of Cocoa Beach whose total offense in this case is to be represented by councilmen who enacted an ordinance which was found to be unconstitutional." *Id.* at 925. We find that neither of the "special circumstances" noted by the court justify the denial of section 1988 attorney's fees in this case.

◼ Turning first to the contention that the nature of plaintiffs' suit makes an award of attorney's fees inappropriate, we find that the district court's application of section 1988 is far too limited. Recent Supreme Court cases make it clear that section 1988 applies to all types of section 1983 actions, not merely those alleging invidious discrimination based on suspect classifications. *See Maine v. Thiboutot,* —— U.S. ——, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980) (1988 applies to all types of 1983 actions, including actions based solely on Social Security violations); *accord, Maher v. Gagne,* —— U.S. ——, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *cf. Supreme Court of Virginia v. Consumers Union,* —— U.S. ——, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980) (in a 1983 action alleging first amendment violations,

Virginia Supreme Court and its Chief Justice could be charged in their enforcement roles with section 1988 attorney's fees, but district court's fee award was premised on acts or omissions for which they enjoyed absolute legislative immunity.)

◼ That section 1988 should apply in the instant case becomes even more apparent in light of the Supreme Court's recent action in *Mahoning Women's Center v. Hunter,* —— U.S. ——, 100 S.Ct. 3006, 65 L.Ed.2d 1110 (1980), *vacating and remanding* 610 F.2d 456 (6th Cir. 1979). In *Mahoning* the Sixth Circuit struck down a city ordinance which imposed a series of costly medical and building code regulations on abortion clinics performing first trimester abortions. Affirming the district court's denial of attorney's fees, the Sixth Circuit stated in a footnote that "the District Court did not abuse the 'discretion' expressly vested in it by 42 U.S.C. § 1988 (1976). In ruling upon requests for the award of attorney's fees, the District Court may consider the nature of the question presented, the good faith of the parties, the means of the plaintiff and the quality and extent of the legal services rendered." 610 F.2d at 461 n.11. On June 16, 1980, the Supreme Court summarily disposed of the Mahoning Women's Center's petition for writ of certiorari, as follows:

The petition for a writ of certiorari is granted. The judgment is vacated and the case is remanded to the United States Court of Appeals for the Sixth Circuit for further consideration in light of *New York Gaslight Club v. Carey,* 447 U.S. ——, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), and *Supreme Court of Virginia v. Consumers Union of the United States, Inc.,* 446 U.S. ——, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980). Mr. Justice Stewart, Mr. Justice White, Mr. Justice Rehnquist and Mr. Justice Stevens dissent.

—— U.S. ——, 100 S.Ct. 3006, 65 L.Ed.2d 1110.

◼ Both *New York Gaslight Club* and *Consumers Union* support an award of at-

torney's fees in *Mahoning*.[2] Although the cases cited by the Supreme Court's summary disposition focus on the "good faith" and "means of the plaintiff" issues raised by the Sixth Circuit's footnote, the result mandated by those cases clearly indicates that the nature of the question presented in *Mahoning*—the constitutionality of a city ordinance restricting first trimester abortion facilities–is not by itself a special circumstance justifying denial of a fee award. The district court in the instant case was thus incorrect when it denied a fee award to appellants on grounds that their suit did not allege invidious discrimination.[3] *See*

*Johnson v. Mississippi*, 606 F.2d 635, 637 (5th Cir. 1979) (affirming fee award in a case not involving invidious discrimination). As the Supreme Court has emphasized, "the court's discretion to deny a fee award to a prevailing plaintiff is narrow. Absent 'special circumstances,' [citations omitted] fees should be awarded." *New York Gaslight Club*, —— U.S. at ——, 100 S.Ct. at 2032. Furthermore, "[o]ne aspect of complete relief is an award of attorney's fees, which Congress considered necessary for the fulfillment of federal goals." *Id.*

■ Turning now to the second reason why attorney's fees were denied in this

2.  The chief questions presented to the Supreme Court in Mahoning Women's Center's petition for certiorari were:

    (1) May civil rights plaintiff who successfully challenges city ordinance unconstitutionally restricting first trimester abortion facilities ordinarily recover litigation costs under 42 U.S.C. § 1988 in absence of "special circumstances" that would render such award unjust? (2) Did court of appeals apply erroneous legal standard and abuse its discretion by not requiring finding of "special circumstances" that would render § 1988 award unjust? (3) Did decisions below erroneously deny § 1988 litigation costs where only two grounds recited were (a) contested finding of good faith and (b) assumption outside record that plaintiff had ability to pay legal fees in challenging unconstitutional ordinances passed by city?

    48 U.S.L.W. 3701 (April 29, 1980).

    In remanding the case to the Sixth Circuit for reconsideration in light of *New York Gaslight Club* and *Consumers Union*, the Supreme Court appeared to focus on question (3) of the questions presented. *New York Gaslight Club, Inc. v. Carey*, · U.S. · , 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), held that the availability under New York law of an agency attorney to present the case in support of the complaint at the public hearing was not a "special circumstance" depriving a prevailing complainant of a fee award, since an attorney was needed to assist the complaint during state proceedings, and the agency attorney did not take the place of private counsel. *Id.* at · – · , 100 S.Ct. at 2032. *Supreme Court of Virginia v. Consumers Union*, · U.S. ·–·· ·, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980), dealt implicitly with the issue of good faith as a bar to a fee award. The district court in *Consumers Union* considered it unjust to require the State Bar defendants to pay section 1988 attorney's fees because they had recommended that the unconstitutional provision of the State Bar Code be amended. The Supreme Court, however, was not convinced that it would be unfair to award fees

against the State Bar, even though it had acted with good faith. Said the Court, "[f]ee awards against enforcement officials are run of-the-mill occurrences, even though, on occasion, had a state legislature acted or reacted in a different or more timely manner, there would have been no need for a lawsuit...." *Id.* at , 100 S.Ct. at 1977. The results in *New York Gaslight Club* and *Consumers Union* indicate that neither the good faith of the parties nor the means of the plaintiff were appropriate grounds for the denial of a 1988 fee award in *Mahoning*.

3.  Although the district court partially justified its denial of attorney's fees on the ground that this type of action was not contemplated by Congress when it enacted section 1988, the court subsequently qualified its holding.

    This is not to say that in no case could attorney's fees be awarded in a § 1983 suit brought on a basis other than discrimination based upon race, sex, religion, wealth or other inherently offensive class criteria. While the motives of some of the councilmen may have been suspect, the apparent ultimate objectives of the challenged legislation was to protect the health of those who might be involved in abortions both during the procedure and post operative.

    Memorandum Opinion of Sept. 11, 1979, Record, vol. IV, at 925. The court does not clarify what circumstances would justify the award of fees in a suit not involving discrimination; however, the second sentence quoted suggests that the bad faith of the parties might be a factor. It may be that the court's denial of attorney's fees took into account the apparent good faith of the defendants appellees in enacting the Cocoa Beach ordinance. We emphasize, however, that good faith is *not* a "special circumstance" justifying denial of a section 1988 fee award. *See, e. g., Johnson v. Mississippi*, 606 F.2d 635 (5th Cir. 1979); *Brown v. Culpepper*, 559 F.2d 274 (5th Cir. 1977).

case, we find no merit in the court's determination that a section 1988 fee award would be unjust because the financial impact would fall on individual taxpayers who had not participated in any discriminatory act. A similar argument was presented to this court in *Johnson v. Mississippi*, 606 F.2d 635 (5th Cir. 1979). The defendants in that case, against whom fees had been awarded, relied on the "special circumstances" exception to section 1988 to argue that the fee award was unjust because it would have to be paid from the limited budget of the state board of education and the financial burden would fall on the taxpayers of the state. The court found the argument unpersuasive, stating that "[s]uch a result necessarily must have been contemplated by the Supreme Court when it ruled [in *Hutto v. Finney*, 437 U.S. 678, 693–700, 98 S.Ct. 2565, 2575–2578, 57 L.Ed.2d 522 (1978)] that the Eleventh Amendment did not bar recovery of attorney's fees from state officers acting in their official capacities. *Johnson v. Mississippi*, 606 F.2d at 637; *see Maher v. Gagne*, —— U.S. ——, ——–——, 100 S.Ct. 2570, 2573–2575, 65 L.Ed.2d 653 (1980) (holding that the Eleventh Amendment did not bar a federal court from awarding attorney's fees against a state.); *Universal Amusement Co. v. Hofheinz*, 616 F.2d 202 (5th Cir. 1980) (attorney's fees recoverable from the state or local government); *International Oceanic Enterprises, Inc. v. Menton*, 614 F.2d 502, 503–04 (5th Cir. 1980) ("Since appellees [police chief, city attorney, and city council members] were sued in their official capacities, any award of attorney's fees will be paid by the city."). The financial impact of a fee award on the taxpayers of Cocoa Beach is clearly not a "special circumstance" justifying the denial of attorney's fees under section 1988.

Although we understand the feelings and motives of the district court, we conclude that it abused its discretion in refusing to award fees to the appellants before us. A court's discretion to deny a fee award to a prevailing plaintiff is narrow. *New York Gaslight Club, Inc.*, —— U.S. at ——, 100 S.Ct. at 2032. As the legislative history of section 1988 points out, "civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain." S.Rep.No. 94–1011, 94th Cong., 2d Sess. 2, *reprinted in* [1976] U.S. Code Cong. & Admin.News, pp. 5908, 5910. Consequently, a party prevailing in a section 1983 action should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust. *Johnson v. Mississippi*, 606 F.2d at 636; [1976] U.S.Code Cong. & Admin.News, pp. 5908, 5912, *citing Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 66 (1968). Under the existing Supreme Court guidelines, no such legally recognized circumstances are present here.

We remand this case to the district court with directions to award attorney's fees in accordance with the criteria set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), and reaffirmed in *Rainey v. Jackson State College*, 551 F.2d 672 (5th Cir. 1977).[4] We further direct the district court to award appellants their costs and attorney's fees incurred in prosecuting this appeal. *See Iranian Students Assn. v. Edwards*, 604 F.2d 352, 354 (5th Cir. 1979). Although we have discretion to award costs and fees arising out of an appeal to this court, considerations of judicial economy call for the district court to determine the total award in this case. *Universal Amusement Co. v. Vance*, 559 F.2d 1286, 1300 (5th Cir. 1977),

---

4. We remind the district court that in applying the standards of *Johnson v. Georgia Highway Express, Inc.*, the court must "guard against mulcting defendants" while "[taking] care against parsimony to prevailing counsel." *Knighton v. Watkins*, 616 F.2d 795, 800 (5th Cir. 1980). We further note that "[w]hile the

determination of reasonable attorney's fees is left to the sound discretion of the court, the court must articulate reasons for its award in order that we may have a basis to review that award." *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1171 (5th Cir. 1980).

*rev'd on other grounds*, 587 F.2d 159 (5th Cir. 1978), *prob. juris. noted*, 442 U.S. 928, 99 S.Ct. 2857, 61 L.Ed.2d 295 (1979).

REVERSED AND REMANDED.