**Inez MARTIN, et al., Plaintiffs,**

**Henri Mae King, Plaintiff-Appellant,**

v.

**Margaret HECKLER, et al.,
Defendants-Appellees.**

No. 83–3058.

United States Court of Appeals,
Eleventh Circuit.

June 8, 1984.

Opinion on Granting Rehearing En Banc Sept. 21, 1984.

**1500**

R.A. Culbertson, Orlando, Fla., Barry C. Laboda, Carlos Marin-Rosa, Orlando, Fla., for plaintiffs.

Gwenda J. Kelley, Baltimore, Md., Claire D. Dryfuss, Dept. of Health & Rehabilitation Services, Tallahassee, Fla., Robert W. Genzman, Asst. U.S. Atty., Orlando, Fla., for defendants-appellees.

Before RONEY and HENDERSON, Circuit Judges, and DYER, Senior Circuit Judge.

DYER, Senior Circuit Judge:

This appeal presents the question whether or not plaintiffs' attorneys are entitled to an award of attorneys fees against the federal and state defendants pursuant to the Civil Rights Attorneys Fees Awards Act, 42 U.S.C. § 1988 (1976) and the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982). The district court, without passing upon whether the statutes would otherwise authorize an award of attorneys fees, refused to make such an award because the plaintiffs were not prevailing parties, and because special circumstances existed that would have made an award unjust. We conclude that plaintiffs were prevailing parties, but we agree with the district court that special circumstances foreclose an award of attorneys fees and thus affirm.

On July 29, 1981, the Florida Department of Health and Rehabilitative Services (HRS) changed its manual to prohibit the inclusion in an Aid to Families with Dependent Children (AFDC) grant, of the natural, non-legal father and his relatives where paternity had not been established by judicial process. This change was prompted by a Federal Action Transmittal issued by the Department of Health and Human Services (HHS) on May 5, 1981. One of the plaintiffs requested and received an administrative hearing which resulted in a final order entered September 17, 1981 denying AFDC because of the change in the HRS Manual.

On November 13, 1981 this action was brought on behalf of a class of applicants and recipients of AFDC who are related to dependent children and the dependent children whose AFDC benefits had been denied or terminated solely on the ground that paternity had not been established in a state court action.

On November 16, 1981, plaintiffs moved for a preliminary injunction. On December 3, 1981, the district court deferred ruling on the motion based upon representations by counsel for HRS that it would rescind the new policy, reinstate all applicants and recipients who had been affected by the new policy with retroactive payment for all lost benefits. Counsel for HHS verified that this action would not result in any loss of funding under the AFDC program. On January 18, 1982, HRS and HHS filed answers in which HRS alleged that upon being assured by HHS that Florida could return to its pre-July 1981 policy regarding relatives of the putative father without suffering diminution in federal financial participation, it had, on December 18, 1981, reinstated all AFDC benefits retroactively. On a suggestion of lack of jurisdiction by reason of mootness filed by HHS and HRS, and objected to by plaintiffs, the district court dismissed the action as moot.

Subsequently, plaintiffs moved for an award of attorneys fees under the Civil Rights Attorneys Fees Awards Act, 42 U.S.C. § 1988 (1976), and the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982). The district court denied the motion for the reasons above stated.

■ The threshold question that must be addressed is whether or not plaintiffs are prevailing parties where, as here, the statutory claims are mooted by remedial action by the defendants subsequent to the lawsuit. There is nothing in the record to show that either the state or federal defendants had done anything toward reinstating benefits or giving them retroactive effect until the suit was filed. On the contrary, on the occasions when the plaintiffs contacted the state agency they were told that the state could not withdraw the challenged policy because of the Federal Action Transmittal. This position was reaffirmed by a hearings officer of the State of Florida Department of Health and Rehabilitative Services. An employee of HHS confirmed that the policy change by HRS was necessary. We have searched the record in vain to find anything that would show that the plaintiffs' action was not necessary to bring about a change in the policy.

In these circumstances we have no doubt that plaintiffs are prevailing parties.

Nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated. Moreover, the Senate Report expressly stated that "for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment, or without formally obtaining relief." S.Rep. No. 94–1011, p. 5 (1976) U.S.Code Cong. & Admin.News 1976, pp. 5908, 5912.

*Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980). "For example, a party may be considered to be 'prevailing' if the litigation successfully terminates by a consent decree, an out-of-court settlement, a voluntary cessation of the unlawful practice by the defendant, or other mooting of the case when the plaintiff has vindicated his right." *Doe v. Busbee,* 684 F.2d 1375, 1379 (11th Cir.1982).

■ The prevailing party test is "whether he or she has received substantially the relief requested or has been successful on the central issue," *Watkins v. Mobile Housing Board,* 632 F.2d 565, 567 (5th Cir.1980), or, stated in another way, "if plaintiffs' lawsuit was a significant catalyst motivating defendants to provide the primary relief sought in a manner desired by litigation." *Robinson v. Kimbrough,* 652 F.2d 458 (5th Cir.1981).

We are unimpressed with the argument of the defendants that plaintiffs' victory does not represent the vindication of plaintiffs' civil rights because the litigation was unnecessary. The record simply does not bear this out. We therefore disagree with the district court's finding that plaintiffs were not prevailing parties.

■ The district court made an additional finding that after the suit was filed the federal and state defendants promptly and effectively took all possible steps to resolve the issues raised by the suit and in light of these special circumstances an award of attorneys fees would be unjust. We agree that there was ample support to justify the exercise of the district court's discretion in refusing to award fees. In *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968), the Supreme Court held that under

42 U.S.C. § 1988 prevailing parties should ordinarily recover attorneys fees "unless special circumstances would render such an award unjust." *Morrow v. Dillard,* 580 F.2d 1284, 1300 (5th Cir.1978) adopted this standard. It is clear that the State of Florida had no intent or desire to change the definition of "specified relatives" or adopt a new definition in its manual. It did so only as a result of its interpretation of the HHS Action Transmittal (which was admittedly ambiguous and subject to such an interpretation). Florida's action was required because the Florida Administrative Code had adopted by reference the federal regulations. This suit was filed on November 13, 1981. Suit papers were served on the United States Attorney on November 19, 1981. The Social Security Division of the Office of the General Counsel for HHS received the papers on November 24, 1981. On that same day counsel for the Secretary contacted counsel for the Florida Department of HRS and it became apparent that the Federal Action Transmittal was ambiguous and had been misinterpreted by HRS. The federal defendant gave assurances that the pre-July 1981 HRS Manual provisions represented the correct interpretation of the statutory and regulatory provisions regarding the requirement of specified degree of relationships of dependent children to their caretaker relatives.

At the hearing for a preliminary injunction on December 3, 1981, HRS assured the Court that it would rescind the instruction, reinstate the applicants and recipients who had been affected by the change with payment of lost benefits, and notify all affected persons. HHS also represented to the Court that there would be no loss of federal funding for Florida's AFDC program. On December 18, 1981, HRS published a transmittal letter which reinstated the pre-July 29, 1981 policy.

The special circumstances proviso of the prevailing party rule gives the Court discretion to deny attorneys fees awards where equitable considerations dictate an award should not be made. Under the Civil Rights Attorneys Fees Awards Act the trial court's determination of prevailing parties and special circumstances is to be

reversed only if an abuse of discretion is found. "The 'abuse of discretion' standard of review contemplates an area in which the district court can act in either way [to award or refuse to award attorneys fees] exercising its own discretion, without reversal." *Johnson v. State of Mississippi,* 606 F.2d 635, 637 (5th Cir.1979). In light of the prompt action taken by the state and federal defendants to correct the administrative errors which necessitated the filing of the suit, and the retroactive payment of all lost benefits without further court action, we find no abuse of discretion in the district court's denial of attorneys fees because of these special circumstances.[1]

AFFIRMED.

RONEY, Circuit Judge, dissenting:

I respectfully dissent. It is quite apparent that the bringing of this suit precipitated the agency resolution of the issue and that plaintiff's attorney was not informed that the agency was taking corrective action until the hearing on the preliminary injunction. In my judgment, there were no special circumstances prior to that time which would foreclose the award of fees for services up to the preliminary hearing.

---

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HENDERSON, HATCHETT, ANDERSON and CLARK, Circuit Judges.

BY THE COURT:

A member of this Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in this Court in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by this Court en banc without oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of en banc briefs.

---

1. Our disposition of the case makes it unnecessary for us to consider or decide whether plaintiffs could prevail against either the state or federal defendants under the provisions of 28 U.S.C. § 2412(b) and its interplay with 42 U.S.C. § 1988 and 42 U.S.C. § 1983, or to decide whether co-counsel for plaintiffs waived his right to an attorney's fee.