GRYCZA et al., Appellants,

v.

STEGER, Dir., et al., Appellees.

[Cite as *Grycza v. Steger* (1994), 97 Ohio App.3d 82.]

Court of Appeals of Ohio,
Lucas County.

No. L-94-040.

Decided Sept. 16, 1994.

*Margaret Lockhart,* for appellants.

*Richard Hanusz* and *Gary Orlow,* for appellees.

ABOOD, Presiding Judge.

This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which granted plaintiffs-appellants' motion for attorney fees in a class action suit against defendants-appellees. Appellants have appealed, setting forth the following assignments of error:

"The court of common pleas erred by reducing an otherwise reasonable attorney fee award because of the defendants' financial condition.

"The court of common pleas erred by reducing an otherwise reasonable attorney fee award because of the actions of a stranger to the litigation."

. The facts giving rise to this appeal are as follows. In October 1991, appellants filed this class action on behalf of themselves and others similarly situated against defendants-appellees George Steger as Director of the Lucas County Department of Human Services, the Lucas County Department of Human Services and the Lucas County Commissioners. In their complaint appellants alleged that appellees had failed to issue eligibility determinations and food stamps or assistance checks within the time requirements established by both state and federal law. In addition to their requests for declaratory and injunctive relief, appellants requested costs and reasonable attorney fees pursuant to Sections 1983 and 1988, Title 42, U.S.Code. In March 1992, the parties reached a settlement pursuant to which a consent order was entered which required appellees to cure the backlog in ADC and food stamp applications by March 30, 1992, and to thereafter issue eligibility determinations and benefits to qualifying applicants in substantial compliance with federal and state law. The order reserved the issue of attorney fees and costs for later resolution.

On September 22, 1992, appellants filed their motion for attorney fees in which they requested a total of $33,342.90 in attorney fees and costs. Appellants also requested that the court order appellees to pay all the costs and reasonable attorneys fees incurred in the preparation and litigation of the motion for fees. In opposition to appellants' motion, appellees argued that they had cooperated in good faith with appellants for a resolution of the timeliness issues, which were complicated by the mandate of the Ohio Department of Human Services that Lucas County Department of Human Services convert to computerization in addition to their regular functions. Appellees also argued that the court, in determining the appropriate award of attorney fees, should consider the financial problems and inability of Lucas County to pay any award of attorney fees due to a projected shortfall in Lucas County's 1993 budget as evidenced by the attached affidavit of the Lucas County Auditor.

On February 16, 1993, the trial court filed its judgment entry in which it determined that appellants were entitled to an award of attorney fees and costs under Section 1988, Title 42, U.S.Code and that the time spent and the hourly rate submitted to the court by appellants were reasonable. Using the requested amount of $32,665 in attorney fees as a starting point, the trial court found that other factors such as appellees' cooperation with the litigation, their good faith intentions and their inability to pay should also be considered in its determination of the amount to be awarded. The court concluded that "the State's mandate to defendants to computerize while continuing to process initial applications as well as the defendant's financial condition require a more conservative fee than the

full amount requested by [appellants]." The court then, "in the exercise of its discretion," reduced the $32,665 amount requested by appellants by forty percent and awarded appellants only $19,800 in fees. In doing so, the court found that that amount accomplished the deterrent purpose of Section 1988 and afforded appellants reasonable compensation for legal services rendered in maintaining the action. The court continued appellants' request for attorney fees incurred in the preparation and litigation of the motion for an award attorney fees for thirty days. On February 2, 1994, the trial court granted appellants' request for attorney fees incurred in the preparation and litigation of their motion for attorney fees, but again reduced the amount requested by forty percent, and awarded only $2,360 in additional fees. It is from these awards that appellants have filed this appeal.

Upon consideration thereof, this court preliminarily rejects appellees' assertion that this court lacks jurisdiction to consider this appeal because the trial court's order of February 16, 1993 was final and appealable and no timely appeal was filed from that order.

We will next consider appellants' assignments of error together since the issues raised therein are interrelated. The issue raised by both assignments of error is whether the trial court abused its discretion by, for the reasons stated in its judgment entry, reducing its awards of attorney fees to forty percent of the amount requested by appellants.

An award of attorney fees to the prevailing party as part of the costs of proceedings in certain federal civil rights actions is provided for in Section 1988, Title 42, U.S.Code. Under that section the amount to be awarded rests within the sound discretion of the trial court. *Blanchard v. Bergeron* (1989), 489 U.S. 87, 89, 109 S.Ct. 939, 942, 103 L.Ed.2d 67, 72–73. The trial court's discretion in determining such awards is not, however, unlimited and ordinarily a prevailing party should recover its attorney fees, absent "special circumstances" that would render such an award unjust. *Hensley v. Eckerhart* (1983), 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40; *Blanchard, supra.* A number of guidelines have been established for the courts to follow in calculating the amount of such an award. These guidelines include (1) the time and labor required; (2) the novelty and difficulty of the question presented; (3) the skill required to perform the legal services; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Hwy. Express, Inc.* (C.A.5 1974), 488 F.2d 714.

As to what constitutes special circumstances that would render an award of attorney fees unjust, our review of the applicable case law indicates that a number of jurisdictions have taken the position that the financial inability of a nonprevailing defendant to pay an award of attorney fees, even if that defendant is a public entity, does not constitute such a "special circumstance" requiring consideration in the calculation of the fee award so as to preclude or even reduce that award. *Stanwood v. Green* (D.Ore.1983), 559 F.Supp. 196, 200–201; *Inmates of Allegheny Cty. Jail v. Pierce* (C.A.3, 1983), 716 F.2d 177; *Entertainment Concepts, Inc. v. Maciejewski* (C.A.7, 1980), 631 F.2d 497; *Johnson v. Mississippi* (C.A.5, 1979), 606 F.2d 635, 637.

Other jurisdictions have found that the court can consider such circumstances in the exercise of its discretion in Section 1988 cases, but only in the most extreme of circumstances, such as where there is evidenced "extreme hardship." *Knighton v. Watkins* (C.A.5, 1980), 616 F.2d 795; *Cohen v. W. Haven Bd. of Police Commrs.* (C.A.2, 1980), 638 F.2d 496; *Vulcan Soc. of Westchester Cty., Inc. v. Fire Dept. of White Plains* (S.D.N.Y.1982), 533 F.Supp. 1054.

Upon consideration of the arguments of the parties, the record of the proceedings in the trial court, and the controlling legal principles, this court finds (1) there is no evidence in the record that demonstrates "special circumstances" that would render unjust an award of the total amount of attorney fees that were requested by appellants and found to be reasonable by the trial court and, therefore, the trial court abused its discretion in considering Lucas County's projected financial situation in calculating the fee award under Section 1988 and in reducing an otherwise reasonable award of attorney fees on that basis; and (2) appellees' assertions of good faith cooperation and the circumstances of the mandated computerization were not appropriate factors to be taken into consideration by the trial court in calculating the award of fees and, therefore, the trial court abused its discretion in considering that factor and using it as a basis for reducing the award. *Coalition for Basic Human Needs v. King* (C.A.1, 1982), 691 F.2d 597; *Morscott, Inc. v. Cleveland* (C.A.6, 1991) 936 F.2d 271; *United States v. Slodov* (C.A.6, 1982), 675 F.2d 808.

Accordingly, both of appellants' assignments of error are found well taken.

On consideration whereof, this court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed and the matter is remanded to that court for entry of the appropriate fee award. The costs of this appeal are assessed to appellees.

*Judgment reversed.*

ABOOD, P.J., GLASSER and M.L. RESNICK, JJ., concur.