INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS, INC., and Laxmi Narayana Das, on behalf of themselves and all International Society for Krishna Consciousness members

v.

John P. COLLINS, Chief of Airport Police, City of Houston, and Otis King, City Attorney, City of Houston.

Civ. A. No. 76-H-1240.

United States District Court, S. D. Texas, Houston Division.

June 9, 1977.

Barry A. Fisher, Fleishman, Brown, Weston & Rohde, Beverly Hills, Cal., and Woody & Rosen, Marian Rosen, Houston, Tex., for plaintiffs.

Joe Rollins, Senior Asst. City Atty., Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

STERLING, District Judge.

This is a civil rights action for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201-02 brought by the International Society for Krishna Consciousness (ISKON) and one of its followers, Roger DeWitt Baldwin, also known as Laxmi Narayana, to enjoin enforcement of Houston Municipal Code sections 9-26 and 9-27, alleging such sections to be unconstitutional. Section 9-26 prohibits the posting, distribution, etc. of handbills at the Airport unless prior authorization is obtained from the city. The newly amended section 9-27 absolutely prohibits the solicitation of funds at the Airport.

The Court does not find this to be a case of first impression. There is ample case law dealing particularly with the religious group at bar, as well as with other religious congregations, that protects the peaceful, orderly dissemination of religious literature and information in public places. Of course, this First Amendment protection is not absolute, but must yield to the compelling interest of the state in its protection of the safety and welfare of the public. However, it is clear that such an interest of the state must be vindicated through regulations providing narrow, objective, and definite standards by which the authorities must gauge their intrusion into the protected areas of speech and religion. *Shuttlesworth v. City of Birmingham, Ala.,* 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969). Section 9–26 therefore fails to meet this constitutional requirement, as it provides no criteria by which city authorities must be guided in granting authorization to distribute handbills, etc. at the Airport.

Section 9–27, as amended in August 1976, differs from section 9–26 as it deals with solicitation of funds, and imposes a blanket prohibition against such solicitation at the Airport. No authorization for such solicitation is thus available to anyone. The issue arises whether solicitation of funds is an action protected by the First Amendment. The Supreme Court has established that solicitation of donations and contributions incidental to the main objective of preaching and propagating the doctrines of a religion is a constitutionally protected activity. *Murdock v. Pennsylvania,* 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943); *Jamison v. Texas,* 318 U.S. 413, 63 S.Ct. 669, 87 L.Ed. 869 (1943); *Cantwell v. Connecticut,* 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940). Therefore, a broad and absolute prohibition of solicitation of funds when applied to a legitimate religious order impinges a constitutionally protected right and cannot be justified. *International Society For Krishna Consciousness, Inc. v. Conlisk,* 374 F.Supp. 1010 (N.D.Ill.1973), *International Society For Krishna Consciousness, Inc. v. City of New Orleans,* 347 F.Supp. 945 (E.D.La.1972). The fact that the ordinance is absolute and non-discriminatory does not save it. The freedom of speech and religion of the plaintiff is impinged when the ordinance is applied whether or not the plaintiff is a legitimate religious order. *Murdock v. Pennsylvania, supra,* 319 U.S. at 115, 63 S.Ct. 870.

The city ordinances in question here, §§ 9–26, 9–27, are violative of the First Amendment and therefore unconstitutional. The Court hereby enjoins enforcement of such sections as they are now written.

Counsel for plaintiffs are directed to prepare a final judgment for entry after obtaining approval as to form by opposing counsel.