Kenneth T. RAINEY, Plaintiff-Appellant, Cross Appellee,

v.

JACKSON STATE COLLEGE et al., etc., Defendants-Appellees, Cross Appellants.

No. 74–2621.

United States Court of Appeals, Fifth Circuit.

March 20, 1979.

A. Spencer Gilbert, III, Barry H. Powell, Jackson, Miss., for plaintiff-appellant, cross appellee.

A. F. Summer, Atty. Gen., Ed Davis Noble, Jr., William A. Allain, Asst. Attys. Gen., Jackson, Miss., M. M. Roberts, Hattiesburg, Miss., for defendants-appellees, cross appellants.

ON PETITIONS FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

Before COLEMAN,* GODBOLD and HILL, Circuit Judges.

PER CURIAM:

The plaintiff-appellant Rainey has filed a petition for rehearing and the appellees a petition for rehearing and rehearing en banc. In their petition the appellees raise the argument that they are not "persons" within the meaning of 42 U.S.C. § 1983, and are not liable for attorneys' fees under the Civil Rights' Attorneys' Fees Awards Act of 1976 since they have not been properly sued pursuant to any of the statutes specified in

* Judge Coleman did not participate in the disposition of these petitions.

that Act.[1]  The individual appellees, the President of Jackson State College and the President, Executive Secretary and members of the Board of Trustees of Institutions of Higher Learning of the State of Mississippi, were properly sued in their official capacities for injunctive relief under § 1983.  *See, e. g., Thurston v. Dekle*, 531 F.2d 1264 (CA5, 1976).[2]  Since the suit was properly and successfully brought under § 1983, Rainey is entitled to attorneys' fees under the 1976 Act.  We did not state in our previous opinion, 551 F.2d 672 (CA5, 1977), the precise source for payment of these fees.  Rainey is entitled to recover attorneys' fees from the defendant state officials in their official capacities.  *See Morrow v. Dillard*, 580 F.2d 1284, 1298 (CA5, 1978) (construing *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978)).

Except to the extent herein granted, the petitions for rehearing are DENIED.  No member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petition for rehearing en banc of appellees is DENIED.

The appellant's petition for attorneys' fees for work done on appeal is GRANTED, and a fee of $1,500 is awarded.  Appellant's petition for additional fees for pre-appeal work is DENIED.

---

1.  In our previous opinion on the attorneys' fees aspect of this case, 551 F.2d 672 (1977), we held that because a motion for attorneys' fees was before the court and had not yet been ruled upon at the time the 1976 Attorneys' Fees Act was passed, the case was "pending" for purposes of that Act.  Accordingly we awarded attorneys' fees under the provisions of the 1976 Act.  This holding was distinguished but not questioned in *Henry v. Clarksdale Municipal Separate School District*, 579 F.2d 916, 918–19 (CA5, 1978).

2.  We need not consider the effect of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), on the amenability to § 1983 suit of the institutional defendant Jackson State College.