**CONCERNED DEMOCRATS OF FLORI-DA, and Edward Cohen, President of Concerned Democrats of Florida, Plaintiffs-Appellants,**

v.

**Janet RENO, State Attorney of Dade County, Florida, and Jim Smith, Attorney General of Florida, Defendants-Appellees.**

No. 79–1652.
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 31, 1979.

Steven Wisotsky, Fort Lauderdale, Fla., for plaintiffs-appellants.

Calvin L. Fox, Asst. Atty. Gen., Miami, Fla., for Hon. Jim Smith, Atty. Gen.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Plaintiff-Appellants prevailed below in a civil rights suit in which they persuaded the district court to interfere by injunction with a portion of the Florida judicial selection plan forbidding partisan political organizations from endorsing judicial candidates.

---

**5.** Tr., p. 30.

**6.** Tr., p. 33.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

They sought an award of attorneys' fees for this advancement of the public interest at their private instance, but were rebuffed by a denial stating merely that such an award "would be inappropriate in this case."

 42 U.S.C. Section 1988 places the award of such fees within the trial court's discretion but it is settled law in this circuit that this means more than it appears to say and that such prevailing parties as plaintiff should ordinarily recover attorneys' fees unless special circumstances would render an award of them unjust. See *Morrow v. Dillard*, 580 F.2d 1284, 1300 (5th Cir. 1978). We cannot determine from this record or from the court's brief reference to inappropriateness why fees were denied. We therefore vacate the court's order of denial and remand for an appropriate award of fees or for a finding on and statement of the special circumstances which render such an award unjust. See *Criterion Club v. Board of Comm'rs*, 594 F.2d 118 (5th Cir. 1979).

VACATED AND REMANDED.