INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS, INC. and Laxmi Narayana Das, on behalf of themselves and all International Society for Krishna Consciousness members, Plaintiffs-Appellants,

v.

John P. COLLINS, Chief of Airport Police, City of Houston, and Otis King, City Attorney, City of Houston, Defendants-Appellees.

No. 78–1185.

United States Court of Appeals, Fifth Circuit.

Jan. 2, 1980.

Barry A. Fisher, David Grosz, Beverly Hills, Cal., Woody & Rosen, Marian S. Rosen, Houston, Tex., for plaintiffs-appellants.

Joseph G. Rollins, Sr., Asst. City Atty., Houston, Tex., for defendants-appellees.

Before CHARLES CLARK, RONEY and HENDERSON, Circuit Judges.

PER CURIAM:

In this case, the district court denied attorney's fees to the prevailing party in *International Society for Krishna Consciousness v. Collins*, 452 F.Supp. 1007 (S.D.Tex. 1977), on the sole ground that the plaintiffs did not come within the purview of the attorney's fee provision in 42 U.S.C.A. § 1988 because they are not penurious, and financial limitations have not been a detriment or an obstacle to the vindication of plaintiffs' legal rights.

Regardless of what the law might have been in 1977 when this order was entered, this Circuit has now clearly held that a plaintiff's ability to pay is not a "special circumstance" that would prohibit an award of attorney's fees under § 1988. *Bunn v. Central Realty of Louisiana*, 592 F.2d 891, 892 (5th Cir. 1979); *Gore v. Turner*, 563 F.2d 159, 163–164 (5th Cir. 1977).

The order denying attorney's fees is vacated and the case is remanded to the district court for a determination of attorney's fees in accordance with the law that has now developed under 42 U.S.C.A. § 1988. *See Hutto v. Finney*, 437 U.S. 678, 693–700, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Johnson v. Mississippi*, 606 F.2d 635 (5th Cir. 1979); *Iranian Students Ass'n v. Edwards*, 604 F.2d 352, 353 (5th Cir. 1979); *Concerned Democrats v. Reno*, 601 F.2d 891, 892 (5th Cir. 1979); *Dillon v. AFBIC Development Corp.*, 597 F.2d 556, 564 (5th Cir. 1979); *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979); *Criterion Club v. Board of Commis-*

*sioners,* 594 F.2d 118, 120 (5th Cir. 1979); *Rainey v. Jackson State College,* 591 F.2d 1002, 1003 (5th Cir. 1979); *Morrow v. Dillard,* 580 F.2d 1284, 1300 (5th Cir. 1978).

VACATED AND REMANDED.