614 F.2d 502
 INTERNATIONAL OCEANIC ENTERPRISES, INC. ("IOE"), a Virginia
Corporation, U. S. Marine, Inc., an Alabama
Corporation, Michael Runyon and Robert
A. Wilson, Plaintiffs-Appellants,
v.
William MENTON, etc., et al., Defendants-Appellees.
 No. 79-1814
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 March 27, 1980.
 
 Barry A. Fisher Law Offices, Barry A. Fisher, David Grosz, Los Angeles, Cal., Bryan, Nelson, Nettles & Cox, E. Elliott Barker, Mobile, Ala., for plaintiffs-appellants.
 Roderick P. Stout, Mobile, Ala., for Menton, Lacey, Goleman, Bryant, Hebert, Temme and Allender.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.
 GODBOLD, Circuit Judge:
 
 
 1
 In December 1977 International Oceanic Enterprises (IOE) purchased a tract of land in Bayou La Batre, Alabama, intending to use it for commercial purposes. At the time of purchase the tract was unzoned. The city's Community Development Plan, drawn up some six months prior to the purchase, recommended that the tract be zoned for commercial use, as it was in an industrial area. Nevertheless, after International Oceanic's purchase the city council unanimously voted to zone the tract for residential use only.
 
 
 2
 Appellants[1] sued for declaratory and injunctive relief against the police chief, the city attorney and the members of the city council, under 42 U.S.C. § 1983. Appellants alleged that the sole reason for the precipitous residential zoning was IOE's affiliation with the Unification Church led by Sun Myung Moon. After a hearing the district court granted the requested relief, holding that the zoning ordinance "operates as an unconstitutional abridgment of plaintiffs' First (and Fourteenth) Amendment rights." That decision was not appealed.
 
 
 3
 Appellants then moved for attorneys' fees pursuant to 42 U.S.C. § 1988. The district court found appellants to be "prevailing parties" within the meaning of the statute but declined to award attorneys' fees. This appeal followed.
 
 
 4
 A prevailing party is entitled to attorneys' fees absent special circumstances rendering such an award unjust. Johnson v. Mississippi, 606 F.2d 635 (5th Cir. 1979); Iranian Students Association v. Edwards, 604 F.2d 352 (5th Cir. 1979); Concerned Democrats of Florida v. Reno, 601 F.2d 891 (5th Cir. 1979); Morrow v. Dillard, 580 F.2d 1284 (5th Cir. 1978). The district court held that an award of attorneys' fees would be inappropriate in a case "involving basically financial interests." Appellees suggest two further circumstances which, they argue, would render any award unjust: the Unification Church, as a wealthy corporation, is well able to pay its own attorneys' fees, and the appellees herein are "mere functionaries" carrying out the will of the city council. We find none of these circumstances compelling and reverse the district court's order.
 
 
 5
 The argument that the case involves only financial interests is logically untenable. The district court's grant of injunctive and declaratory relief affirms appellants' contention that the city council's action infringed their constitutional rights under the Free Exercise Clause of the First Amendment. To hold now that the rights protected are merely financial undermines the rationale underlying the court's order on the merits. See Perez v. University of Puerto Rico, 600 F.2d 1, 2 (1st Cir. 1979). Moreover, the district court's distinction between personal rights and property rights has been rejected by the Supreme Court in the context of a § 1983 action. Lynch v. Household Finance Corp., 405 U.S. 538, 542, 92 S.Ct. 1113, 1116, 31 L.Ed.2d 424, 429 (1972). Since the scope of § 1988 is at least as broad as that of § 1983, Hutto v. Finney, 437 U.S. 678, 694, 98 S.Ct. 2565, 2575, 57 L.Ed.2d 522, 536 (1978), the distinction is also inappropriate in the context of § 1988. See also Universal Amusement Co. v. Vance, 587 F.2d 159 (5th Cir. 1978) (en banc), prob. jur. noted, 442 U.S. 928, 99 S.Ct. 2857, 61 L.Ed.2d 295 (1979).
 
 
 6
 Regardless of the extent of appellants' affiliation with the Unification Church, the financial status of the Church is irrelevant. The plaintiff's ability to pay is not a special circumstance sufficient to render an award under § 1988 unjust. International Society for Krishna Consciousness, Inc. v. Collins, 609 F.2d 151 (5th Cir. 1980); Bunn v. Central Realty of Louisiana, 592 F.2d 891 (5th Cir. 1979); Gore v. Turner, 563 F.2d 159 (5th Cir. 1977).
 
 
 7
 The argument that appellees are "mere functionaries" also fails. Since appellees were sued in their official capacities, any award of attorneys' fees will be paid by the city. Hutto v. Finney, supra, 437 U.S. at 693-94, 98 S.Ct. at 2575, 57 L.Ed.2d at 536; McNamara v. Moody, 606 F.2d 621, 626 (5th Cir. 1979). Nor does appellees' good faith in carrying out their official duties render an award unjust. Johnson v. Mississippi, supra, 606 F.2d at 637; Morrow v. Dillard, supra, 580 F.2d at 1298; Brown v. Culpepper, 559 F.2d 274, 278 (5th Cir. 1977).
 
 
 8
 The judgment is reversed and the case is remanded to the district court for an award of appropriate attorneys' fees.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18
 
 
 [1]
 Plaintiffs below, and appellants before this court, are IOE, its general manager, U.S. Marine, Inc. (which contracted to build a shipyard on the tract for IOE), and its president