**ELLWEST STEREO THEATRE, INC.,**
**Plaintiff-Appellant,**

v.

**Maynard JACKSON, et al.,**
**Defendant-Appellee.**

**DIXIE BOOKS, INC., et al.,**
**Plaintiffs-Appellants,**

v.

**CITY OF ATLANTA, Georgia, et al.,**
**Defendants-Appellees.**

**VRS INC., d/b/a Bookstore, et al.,**
**Plaintiff-Appellant,**

v.

**CITY OF ATLANTA, Georgia, et al.,**
**Defendants-Appellees.**

**U.B. INC., etc., et al.,**
**Plaintiffs-Appellants,**

v.

**Maynard JACKSON, etc., et al.,**
**Defendants-Appellees.**

**SHOWCASE CINEMAS, INC., etc.,**
**Plaintiff-Appellant,**

v.

**Maynard JACKSON, etc., et al.,**
**Defendants-Appellees.**

No. 80–7856
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Aug. 17, 1981.

Edward T. M. Garland, Atlanta, Ga., for all plaintiffs.

Arthur M. Schwartz, Denver, Colo., for Dixie Books, et al.

Glenn Zell, Atlanta, Ga., for Dixie & VRS.

Stephen M. Taylor, Southfield, Mich., Charles W. Boyle, Atlanta, Ga., for Ellwest Showcase, U.B., Inc.

W. Roy Mays, III, Gary S. Walker, Atlanta, Ga., for appellees.

Before GODBOLD, Chief Judge, and KRAVITCH and HATCHETT, Circuit Judges.

GODBOLD, Chief Judge:

Appellants, several adult entertainment establishments, sued appellees, the city of Atlanta and several of its officers in their official capacity, seeking declaratory and injunctive relief under 42 U.S.C. § 1983. They alleged that the city's adult establishment licensing ordinance violated the Constitution on several grounds. After a hearing the district court issued a preliminary injunction and, upon submission of further briefs and evidence, permanently enjoined enforcement of several sections of the ordinance. Appellees did not appeal that judgment.

Appellants moved for attorneys' fees under 42 U.S.C. § 1988. Recognizing that appellants were prevailing parties under the statute, the district court nevertheless denied the motion on the ground that special circumstances rendered an attorney fee award unjust. The special circumstances relied on by the district court were: (1)

appellees enacted the ordinance as part of a good faith effort to regulate adult establishments; (2) their good faith was bolstered by a decision of the Georgia Supreme Court that the ordinance was valid, *Airport Book Store, Inc. v. Jackson*, 242 Ga. 214, 248 S.E.2d 623 (1978), *cert. denied*, 441 U.S. 952, 99 S.Ct. 2182, 60 L.Ed.2d 1057 (1979); (3) appellees did not appeal the grant of a permanent injunction; and (4) appellants were financially capable of absorbing the cost of their successful attack upon the ordinance.

■■■ Prevailing plaintiffs are entitled to attorneys' fees unless special circumstances render an award unjust, *International Oceanic Enterprises, Inc. v. Menton*, 614 F.2d 502, 503 (5th Cir. 1980). Although a district court's grant or denial of attorneys' fees is reviewable only for abuse of discretion, the discretion afforded district courts to deny attorneys' fees to prevailing plaintiffs under § 1988 is exceedingly narrow, *Knights of Ku Klux Klan v. East Baton Rouge Parish School Bd.*, 643 F.2d 1034, 1041 (5th Cir.1981); *Riddell v. National Democratic Party*, 624 F.2d 539, 544 (5th Cir.1980). None of the circumstances relied upon by the district court, either individually or collectively, amount to special circumstances justifying a denial of attorneys' fees. The good faith of government defendants acting in their official capacity is not a relevant factor for the district court to consider when determining whether special circumstances exist, *see, e. g., Aware Woman Clinic v. City of Cocoa Beach*, 629 F.2d 1146, 1149 n.3 (5th Cir.1980); *Robinson v. Kimbrough*, 620 F.2d 468, 478 (5th Cir. 1980); *Universal Amusement Co. v. Hofheinz*, 616 F.2d 202, 204 n.1 (5th Cir.1980).[1]

---

1. As the district court noted, *Universal Amusement* is a case "strikingly similar to this one." In *Universal Amusement* this court reversed a district court's denial of attorneys' fees where plaintiffs had successfully challenged a city ordinance that prohibited the operation of adult establishments within 2000 feet of a church, school, or other educational or charitable institution. The district court sought to distinguish *Universal Amusement* by pointing out that the case relied upon by the panel in concluding that

good faith was irrelevant, *Morrow v. Dillard*, 580 F.2d 1284, 1300 (5th Cir.1978), stands only for the proposition that good faith is not a controlling factor in deciding whether to award attorneys' fees. While *Morrow* may stand only for that proposition, *Universal Amusement* and its progeny clearly have extended *Morrow* and held that good faith is irrelevant, *see Knights of Ku Klux Klan; Riddell; Aware Woman Clinic; Robinson*.

Moreover, prevailing plaintiffs' ability to pay is not a special circumstance rendering an award under § 1988 unjust, *International Oceanic Enterprises, Inc. v. Menton, supra*, 614 F.2d at 503, nor is defendant's decision not to appeal the injunction, *cf. Aware Woman Clinic, supra; International Oceanic Enterprises, supra* (defendants elected not to appeal merits yet panel reversed denial of attorneys' fees).

A previous state supreme court decision upholding Atlanta's adult establishment licensing ordinance is also not a special circumstance justifying a denial of attorneys' fees. Appellees' reliance upon that decision is a specific articulation of good faith, but as we have noted, good faith is not relevant in determining whether appellants are entitled to attorneys' fees from appellees in their official capacity. Similar reformulations of the good faith argument have been rejected by this court. We have refused to recognize as a special circumstance defendants' reliance upon previous decisions from other jurisdictions upholding statutes similar to the statute under attack, *Johnson v. State of Mississippi*, 606 F.2d 635, 637 (5th Cir.1979), and arguments that defendants' conduct was required by the state legislature, *id.*

We reverse the district court's denial of attorneys' fees and remand for an appropriate determination of the amount of the award, *see Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).

REVERSED and REMANDED.