**Robert L. McNEIL and Yvonne McNeil**

v.

**P–N & S, INC., et al.**

**Civ. A. No. 17193.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 14, 1973.

Wyatt & Zagoria, Atlanta, Ga., for plaintiffs.

SIDNEY O. SMITH, Jr., District Judge.

In this case as trial approached, counsel for defendants was relieved after consideration of all the facts. Simultaneously, the court issued an order directing the defendants to show cause why the answers should not be stricken and the case proceed in default. At the appointed time, no showing was made by defendants or by counsel and, upon motion, the answers were dismissed. The case then proceeded in default. On the evidence presented, the court makes the following

## FINDINGS

Plaintiff, Robert McNeil, is a medical therapist with two degrees from the University of Minnesota and his therapist certification from Northwestern Medical School. In early 1971, he and his wife moved to the Atlanta area, rented an apartment, and began a search for a house. They were particularly interested in the Spring Valley Area, lo-

cated in DeKalb County near his employment. They located a house on Lot Number 11 of defendants' subdivision and inquired as to its purchase in June, 1971.

Without detailing all of the machinations of the defendants after this inquiry, the facts are clear that they committed one or more acts of racial discrimination in their persistent refusal to sell this house, building lots in the subdivision, or another house subsequently located by plaintiffs. The acts consisted of numerous false statements to the effect that Lots Number 10 and Number 9 had been sold, when they had not; that Lot Number 12 was unsuitable for building, when it was not; that the house on Lot Number B9 was a "bad buy", when it was not; and, finally in December, 1971, in first agreeing to sell for $46,500 a house then under construction on Lot D10, but announcing that it was already sold the day the contract was to be signed, when it was not. Additionally, plaintiffs were informed by defendant Powell that they would not be sold or built any house except "west of Candler Road", an artificial boundary between all-white and racially integrated neighborhoods in DeKalb County. Each of these acts individually and all of them collectively were motivated by racial discrimination in violation of 42 U.S.C. § 1982 and 42 U.S.C. § 3604(a) and (d).

## DAMAGES

Plaintiff and his wife are still residing in a small apartment. The constant disappointment and inability to obtain their own home in a place of their choice has placed great strain on their marriage. Additionally, they have suffered humiliation and embarrassment from the acts of racial discrimination. Worry and anxiety over their situation has led to mental suffering on both their parts and has indirectly affected Mr. McNeil's professional standing in the community.

Presently, they pay $174.00 per month rent. If they had been permitted to buy the house on Lot Number D10 as promised and had made their payments, they would have created an equity therein of some $7,190.96 on a $35,000/30 year mortgage at eight per cent already arranged with Decatur Federal Savings & Loan Association.

## CONCLUSION

The violations of § 1982 and § 3604(a) and (d) on the part of defendants entitle plaintiffs to damages. E. g. Lee v. Southern Home Sites Corp., 444 F.2d 143 (5th Cir. 1971). Under the fair housing laws, they are limited to actual damages, a maximum of $1,000 punitive damages, plus attorneys fees in the discretion of the court. 42 U.S.C. § 3612(c). Under the Civil Rights Laws, in addition to actual or special damages, and punitive damages, there may be awarded general or compensatory damages presumed to flow from the wrong itself. These are such damages as occur to the peace and happiness of the plaintiffs without the necessity of proof of any specific amount.

Here, the plaintiffs waived certain special damages originally alleged. However, an award in the form of special damages is sought for rent paid or the so-called "equity build up" in the house agreed to be purchased. While the court recognizes that inflation and high interest have caused plaintiffs real damages, they are incapable of exact calculations. The claims for rent paid or equity lost discount the value received or sums paid out in return and they are rejected as speculative under prevailing authorities.

However, in this case the plaintiffs have suffered greatly from an unwarranted and unlawful act of discrimination. The court finds general and compensatory damages for this wrong and subsequent humiliation and embarrassment at the sum of $2,500.00 to the plaintiffs jointly. Additionally, the court imposes punitive damages under the standard set by Congress in § 3612 at $1,000.00. In the discretion of

the court, it is determined that this is a proper case for the award of attorneys fees and they are fixed at $1,500.00.

Let judgment issue in favor of the plaintiffs and against the defendants, jointly and severally, in the sum of $2,500.00 compensatory damages, $1,-000.00 punitive damages, and $1,500.00 attorneys fees, plus costs of suit.

It is so ordered.