Jewel KING, Plaintiff-Appellant,

v.

Shirley S. McCORD, Individually and d/b/a McCord's Grocery, Defendant-Appellee.

No. 78–3604.

United States Court of Appeals, Fifth Circuit.

July 11, 1980.

Judith S. Crittenden, Susan Williams Reeves, Birmingham, Ala., for plaintiff-appellant.

Henry T. Arrington, New Orleans, La., Williams, Williams & Norton, John W. Norton, Anniston, Ala., for defendant-appellee.

Before WISDOM, RONEY and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

Appellant challenges the reasonableness of an attorneys' fee award pursuant to her successful claim under the Equal Pay Act.[1] Because we find that the failure of the district court to hold an evidentiary hearing was inconsistent with sound judicial discretion, and because the district court's opinion awarding attorneys' fees lacks sufficient clarity to enable an appellate court to intelligently review the award, we vacate the award and remand for proceedings consistent with this opinion.

Appellant, King, filed an individual action on January 29, 1976, alleging that appellee, McCord, had discriminated against her on the basis of sex in regards to promotion, to reinstatement, and to pay, in viola-

---

1. 29 U.S.C. § 206(d), 215(a)(3).

tion of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d), 215(a)(3). Following trial, the district court entered an Order and accompanying Memorandum Opinion on April 18, 1978, amended on September 22, 1978, concluding that appellant did not make out a case on the reinstatement and promotion claims but succeeded in proving a violation of the Equal Pay Act. Appellant was awarded compensatory and liquidated damages in the amount of $6,504.60.

Appellant filed a "Motion for Award of Attorney's Fees," along with supporting affidavits, requesting compensation in the amount of $30,000 plus expert witness costs of $5,888.45. Appellant's "Motion to Present Oral Testimony" on the issue of attorney's fees was denied. Appellee also requested attorney's fees, claiming that the failure to reinstate charge was frivolous. The district court awarded Appellant a lump-sum amount of $2,000 for attorney's fees and costs, and denied Appellee's "Motion for Attorney's Fees."

Appellant filed this appeal on the basis of the alleged inadequate fee award only.

■ Pursuant to 29 U.S.C. § 216(b),[2] the appellant was entitled to recover a reasonable attorney's fee. The determination of a reasonable attorney's fee is a matter within the sound discretion of the trial judge, not to be set aside absent a clear abuse of discretion. *Cantu v. United States*, 598 F.2d 471 (5th Cir. 1979). *Norwood v. Harrison*, 581 F.2d 518 (5th Cir. 1978). *Matter of First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977).

■ "[In] Determining a reasonable attorney's fee . . . [i]f there are disputed issues of fact, an evidentiary hearing must be held to facilitate their resolution." *Matter of First Colonial Corp. of America*. In *Perkins v. Standard Oil Co.*, 399 U.S. 222, 90 S.Ct. 1989, 26 L.Ed.2d 534 (1970), involving an award of attorney's fees under sec-

tion 4 of the Clayton Act, the Supreme Court stated: "The amount of the [fee] award for such services should, as a general rule, be fixed in the first instance by the District Court, after *hearing evidence* as to the extent and nature of the services rendered." *Id.* at 223, 90 S.Ct. at 1990.

In this case, the district court made the fee award with only the benefit of the appellant's personal and supporting affidavits. The district court admitted in its Memorandum Opinion that it was unable to accurately determine the time spent by appellant's attorneys in proving the claims. The appellant's application for attorneys' fees does not specify the time spent at each activity listed. Further, the district court indicated that since more than one attorney is involved, the lack of information on time spent at each activity enumerated precluded scrutinization of duplicity. The appellant specifically requested that an evidentiary hearing be held on the issue of attorneys' fees, but the district court refused to comply with the request.

■ To determine a fair and reasonable attorneys' fee, the district court must possess more information than what was presented below. Appellants dispute the factual basis for the district court's award. Appellants should have been provided an evidentiary hearing to resolve the disputes and supplement its insufficient affidavits. Attorney's fee awards should not be based on the arbitrary and conclusory predispositions of the trial judge. The failure of the district court to hold an evidentiary hearing in this case was inconsistent with the exercise of sound judicial discretion.

In exercising his discretion, the trial judge is guided by *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714 (5th Cir. 1974) which enunciates twelve factors for consideration leading to a determination of a reasonable attorney's fee award. "[T]he manner in which these elements influenced the attorney's fees award must be elucidated by the trial court." *Sweeney v.*

**2.** 29 U.S.C. § 216(b) provides in pertinent part: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plain-

tiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

*Vindale Corp.,* 574 F.2d 1296, 1301 (5th Cir. 1978). In the present case, the district court's Memorandum Opinion is so lacking in sufficient articulation of the effect of the *Johnson* elements on the facts in this case that it escapes any meaningful review. The scenario here is analogous to that in *Miller v. Mackey International, Inc.,* 515 F.2d 241 (5th Cir. 1971), where "there was scant explication of the [district] court's application of the guidelines that we took pains to formulate [in Johnson]." *Id.* at 242. We have held that without such explication, "appellate review of the award becomes a meaningless gesture." *Matter of First Colonial Corp. of America* at 1301. *Fain v. Caddo Parish Police Jury,* 564 F.2d 707 (5th Cir. 1977). "What we require is not a meaningless exercise in parroting and answering each of Johnson's twelve criteria, but some assurance that the [district] court has arrived at a just compensation based upon appropriate standards." *Davis v. Fletcher,* 598 F.2d 469, 470–71 (5th Cir. 1979). In this case, the district court's Memorandum Opinion is nothing more than a ceremonial obedience to *Johnson,* reflecting inadequate consideration of the pertinent criteria delineated therein. We cannot, therefore, properly evaluate the reasonableness of the fee award.

We are further disturbed by the marked failure by the district court to demonstrate the calculations used to arrive at the sum of $2,000, or explain its reasoning in arriving at that amount. The district court merely concluded, after considering the *Johnson* factors, that the fee award ought to amount to the sum of $2,000. Thus, the appellant is compelled to engage in sheer guesswork to identify which portion of that amount is to be allocated to costs and expenses, and which portion is compensation for the services rendered.[3] Without some fairly definite information on apportionment of fees,

costs, and expenses, we are further precluded from reviewing the reasonableness of the award.

Accordingly, we vacate the award and remand to the district court with instructions to (1) hold an evidentiary hearing to resolve the factual disputes and allow appellants the opportunity to supplement the affidavits previously submitted, (2) recalculate the award in conformity with *Johnson v. Georgia Highway Express, Inc.* and this opinion, and (3) itemize the recalculated amount specifying costs, expenses, and attorney's fees.

VACATED AND REMANDED.

---

**3.** Two thousand dollars does appear, on its face, to be an unreasonably inadequate award for this case. Appellants sought reimbursement for expenses (excluding the fees of the expert witness) for photocopying, travel and long distance calls, filing fees, marshal service, etc., witness fees, and depositions, totaling approximately $1,300. This leaves approximately $700 to be divided between the appellant's two attorneys for their services. Appellant's attorneys indicated that, together, their services in this case, as of the end of trial amounted to 379 hours. Based upon these figures, what results is an absurdity: the attorneys are compensated in the amount of $1.85 per hour, each, for their services.