Sylvester L. MARABLE, Jr.,
Plaintiff-Appellant,

v.

Francis J. WALKER,
Defendant-Appellee.

No. 82–7022.

United States Court of Appeals,
Eleventh Circuit.

May 9, 1983.

Robert L. Wiggins, Jr., Bryan, Wiggins & Quinn, Birmingham, Ala., for plaintiff-appellant.

Robert R. Sexton, Barnett, Tingle & Noble, David L. Allen, Birmingham, Ala., for defendant-appellee.

Before RONEY and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

RONEY, Circuit Judge:

In the first appeal of this case, this Court held that "the unequal application of defendants' rental criteria, including marital status and employment and credit histories, as between Marable and white applicants demonstrates disparate treatment on the basis of race" in violation of the Fair Housing Act, 42 U.S.C.A. § 3601 *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C.A. §§ 1981 and 1982. *Marable v. H. Walker & Associates,* 644 F.2d 390, 397 (5th Cir.1981). Judgment for defendant was reversed, and the case was remanded for consideration of damages, attorney's fees, and injunctive relief. The district court denied plaintiff's request for an evidentiary hearing. On his final day in office, the trial judge entered an order denying compensatory damages for emotional distress, awarding $1,000 in punitive damages, enjoining the defendant from applying rental criteria in a discriminatory manner, and awarding $8,000 for attorney's fees.

Deciding that an evidentiary hearing as to attorney's fees was required, the court improperly applied a statutory maximum to punitive damages, and the injunction was inadequate, we vacate the order in all respects and remand to the district court for reconsideration in light of this opinion.

## I. Compensatory Damages

Our review of this issue is limited by the district court's failure to enter findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a). The plaintiff testified at trial that he had been embarrassed and humiliated by defendant's refusal to rent an apartment to him. The evidence showed defendant openly laughed at plaintiff's desire to live in a predominantly white section of town and then hung up the telephone on him.

This Court has held that damages for emotional distress in cases of this type "may be inferred from the circumstances as well as proved by the testimony." *Gore v. Turner,* 563 F.2d 159, 164 (5th Cir.1977). *See Seaton v. Sky Realty Co., Inc.,* 491 F.2d 634, 636 (7th Cir.1974) ("Humiliation can be inferred from the circumstances as well as established by the testimony"). Defendant stresses that plaintiff's claims are based on mental injuries only. There was no evidence of pecuniary loss, psychiatric disturbance, effect on social activity, or physical symptoms. It strikes us that these arguments may go more to the amount, rather than the fact, of damage. That the amount of damages is incapable of exact measurement does not bar recovery for the harm suffered. The plaintiff need not prove a

specific loss to recover general, compensatory damages, as opposed to actual or special damages. *See McNeil v. P–N & S, Inc.*, 372 F.Supp. 658 (N.D.Ga.1973). In any event, the plaintiff offered sufficient evidence to establish his right to an evidentiary hearing for the court to carefully resolve issues as to sufficiency of the proof of compensatory damages and the amount thereof.

## II. Punitive Damages

■ The district court fixed the punitive damage award at the $1,000 maximum authorized by the Fair Housing Act, 42 U.S.C.A. § 3612(c). When a plaintiff prevails on a claim under both the Fair Housing Act and § 1982, as is the case here, he is entitled to benefit from the more liberal recovery provisions applicable to § 1982 violations. *Dillon v. AFBIC Development Corp.*, 597 F.2d 556, 563–64 (5th Cir.1979). The Fair Housing Act and § 1982 are independent statutory schemes. The provisions of § 3612(c) do not limit the amount of damages recoverable under § 1982. 597 F.2d at 563. Whether $1,000 was correct or incorrect, the plaintiff is entitled to have the punitive damage claim considered without the burden of a statutory maximum.

## III. Injunctive Relief

The district court permanently enjoined defendants from "unequally applying rental criteria, including marital status and employment and credit histories, in a manner that discriminates against plaintiff or anyone else on the basis of race" in violation of the Fair Housing Act and §§ 1981, 1982.

■ Once a court finds that a landlord has discriminated against prospective tenants, it may enjoin the landlord from engaging in such practices. 42 U.S.C.A. § 3610(d). The Act also authorizes "such affirmative action as may be appropriate." *Id.* Injunctive relief should be structured to achieve the twin goals of insuring that the Act is not violated in the future and removing any lingering effects of past discrimination. *United States v. Jamestown Center-in-the-Grove Apartments*, 557 F.2d 1079 (5th Cir.1977). The relief must be tailored in each instance to the needs of the particular situation, a matter peculiarly within the discretion of the district judge. *Gore v. Turner*, 563 F.2d at 165.

■ In *United States v. West Peachtree Tenth Corp.*, 437 F.2d 221, 229–31 (5th Cir. 1971), this Court set forth an injunctive decree for use in an apartment rental discrimination case. There is no indication why a similar decree should not be entered in this case. The court found that defendant willfully discriminated against the plaintiff on the basis of race in refusing to rent him an apartment, but refused to order the defendant to lease an apartment to the plaintiff. The defendant admitted that no black applicants had ever been accepted as tenants at defendant's apartment complex, and the record established the existence of racially subjective leasing criteria and procedures. The order fails to require any affirmative act by the defendant to correct the lingering effect of past discriminatory policies.

The evidence presented belies defendant's contention that there was no flagrant, widespread discrimination apparent in this case. On remand the district court should tailor an injunction to more nearly comply with the relief required in prior cases of this kind.

## IV. Attorney's Fees

■ The district court, without an evidentiary hearing, reduced both the hourly rate and the number of compensable hours set forth by affidavit. The district court's order is as follows:

In accordance with Fed.R.Civ.P. 43(e), the court has determined that an evidentiary hearing is not necessary and that the matter can be decided on the affidavits presented by the respective parties. With but one exception, plaintiff's affidavit filed in support of his request for attorney's fees more than adequately considers the guidelines established by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), for properly determining a

**1222**

fee award. His affidavit does not, however, sufficiently consider the guideline dealing with awards in similar cases. Based upon prior rulings of this court and of other courts in this jurisdiction in similar cases filed during the same period of time, the court is of the opinion that $40.00 per hour is fair and reasonable. Furthermore, the court is of the opinion that no more than 200 hours is a reasonable amount of time to have spent in the prosecution of plaintiff's claims.

This order lacks the clarity required for intelligent appellate review. *King v. McCord,* 621 F.2d 205 (5th Cir.1980). There is no basis in the record for the $40 an hour rate fixed by the court. The plaintiff should be given the opportunity to respond to the reference to prior rulings. The reason for the reduction in hours is unexplained. This Court has consistently required district courts to conduct evidentiary hearings, *King v. McCord, supra,* and to enter specific findings of fact and conclusions of law in rendering fee awards where disputes cannot be otherwise resolved. *Fitzpatrick v. I.R.S.,* 665 F.2d 327, 332 (11th Cir.1982); *Copper Liquor, Inc. v. Adolph Coors Co.,* 624 F.2d 575, 581 (5th Cir.1980); *Matter of First Colonial Corp. of America,* 544 F.2d 1291, 1298 (5th Cir.), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).

We vacate the award and remand for proceedings consistent with the relevant cases decided by this Court.

VACATED AND REMANDED.