Robert G. Kendall, Mobile, Ala., for defendants-appellees.

**Rufus O. HALL, et al., Plaintiffs-Appellants,**

v.

**BOARD OF SCHOOL COMMISSIONERS OF CONECUH COUNTY, et al., Defendants-Appellees.**

No. 82–7103.

United States Court of Appeals, Eleventh Circuit.

June 13, 1983.

Before RONEY and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Plaintiffs appeal as unreasonable the amount of attorney's fees awarded under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C.A. § 1988. The plaintiffs had prevailed after appeal on all issues in a suit for injunctive and declaratory relief con-

cerning morning devotionals and the conduct of a Bible literature course in defendants' high school. *Hall v. Board of School Commissioners,* 656 F.2d 999 (5th Cir.1981). On that appeal we directed that on remand the district court should award plaintiffs appropriate fees.

On remand, plaintiffs filed a motion for fees and costs, with a supporting affidavit and time logs showing 150.3 hours of work at $85 an hour, plus a 50 percent contingency enhancement. The matter was pending for more than two months, and the defendants filed no response or opposition to plaintiffs' motion. The district court set the matter for hearing on February 26, 1982. Plaintiffs' counsel appeared with two local attorneys prepared to testify in support of plaintiffs' request for fees. Counsel decided not to present the testimony of the two witnesses because defense counsel was not present. The district judge then stated:

THE COURT: All right. The court is not unaware that we're supposed to have a sufficient basis for any award. The Defendant in this case apparently is not particularly concerned with it. For that reason, if you can supply to me finding[s] of fact and conclusion[s] of law justifying the award of the $20,000, the Court will allow it.

More than an hour after the fee hearing ended, defense counsel appeared and was allowed to make a brief argument. Defendants' attorney stated he would neither offer evidence nor question the hourly rate sought, but would advance two legal arguments in opposition to an award. First, the defendants asked the court to take judicial notice that one of the defendants is a public school board with limited resources. This argument has been discounted by previous decisions of this Court and was properly rejected by the district court based on *Aware Woman Clinic, Inc. v. City of Cocoa Beach, Florida,* 629 F.2d 1146 (5th Cir.1980); *Criterion Club v. Board of Commissioners,* 594 F.2d 118 (5th Cir.1979). Second, defendants argued the relief plaintiffs obtained was insignificant because defendants voluntarily ceased their actions. The district court also rejected this argument, noting that defendants had ample opportunity

to settle the dispute but had refused to do so. Even though it properly rejected defendants' arguments, however, the district court, apparently working with a draft order proposed by plaintiffs that reflected consideration of all of the *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974), factors, and making two or three crucial changes, ended up with a fee of about one-half the $20,000 it had initially indicated it would approve.

Attorney Menefee's affidavit sought an hourly rate of $85 and a 50 percent contingency enhancement. The district court reduced the hourly rate to $60 with no contingency enhancement. The district court's order gives no reasons for the failure to approve the uncontested fee petition. The order inexplicably seeks to support the conclusion that the hourly rate of $60 is "somewhat on the high side for similar cases in this district" by citing four cases in which the hourly rates awarded ranged from a low of $100 to a high of $150. The court concluded that a contingency enhancement was inappropriate because "the issue of school prayer [was] settled law," the violation here "was clear," and plaintiffs' recovery was certain. *But see Jaffree v. Board of School Commissioners,* 554 F.Supp. 1104 (S.D.Ala.1983) (decided by the same court), affirmed in part, reversed in part, 705 F.2d 1526 (11 Cir.1983).

Based on the unusual facts of this case, we hold that the district court was correct in its initial decision to grant what was at that point an unopposed fee request, and that the court's subsequent order reducing the hourly fee and eliminating the contingency enhancement constituted an abuse of discretion.

As noted above, there was no evidence in the record to support the $60 hourly rate. Since a fee was contingent on success, contingency enhancement would be appropriate. There was nothing in the record that demonstrates why the requested 50 percent contingency enhancement was unreasonable. The defendant merely argued that the overall fee request was unreasonable, relying on two arguments which the district court properly discounted as meritless. The defendants offered nothing in the way of

factual evidence to guide the court regarding the amount of fee or enhancement that would be reasonable. The district court found that the legal questions concerning the morning devotionals were not novel, but stated that the issues surrounding the Bible literature course were not at all clear. We agree that while the result in the underlying case may not have revolutionized First Amendment law, it took more than three years and an appeal to this Court for the plaintiffs to get a decision. We further note, as did the district court, that the defendants stubbornly litigated these issues before the district court as well as on appeal, the result being that plaintiffs' counsel had been denied fees for a substantial period of time. *See Jones v. Diamond,* 636 F.2d 1364, 1382 (5th Cir.1981) (en banc); *Copeland v. Marshall,* 641 F.2d 880, 893 (D.C.Cir.1980) (en banc).

In sum, although it may be somewhat on the high side, based on this record the award should be modified to reflect the $85 hourly rate, plus the 50 percent contingency enhancement as a reasonable fee. We therefore affirm the judgment for attorney's fees and costs, but increase the amount of that judgment to $20,838.66. The appellants shall have their costs for this appeal.

AFFIRMED AS MODIFIED.