**Jewel KING, Plaintiff-Appellant,**

v.

**Shirley S. McCORD, individually and d/b/a McCord's Grocery, Defendant-Appellee.**

No. 82–7131.

United States Court of Appeals, Eleventh Circuit.

June 13, 1983.

Susan Williams Reeves, Birmingham, Ala., for plaintiff-appellant.

Kullman, Lang, Inman & Bee, Henry T. Arrington, New Orleans, La., for defendant-appellee.

Before RONEY and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This case comes to us again on the single issue of the propriety of the attorney's fees award. On the prior appeal, which also involved only the amount of the attorney's fees, we were faced with an award of $2,000 with no explanation as to how that figure was determined. We remanded the case to the district court with instructions to "(1) hold an evidentiary hearing to resolve the factual disputes and allow appellants the opportunity to supplement the affidavits previously submitted, (2) recalculate the award in conformity with *Johnson v. Georgia Highway Express, Inc.* and this opinion, and (3) itemize the recalculated amount specifying the costs, expenses, and attorney's fees." *King v. McCord,* 621 F.2d 205, 207 (5th Cir.1980).[1]

All that was ordered has now been done. After a full hearing, the district court in a very explicit and detailed order awarded $11,954.94 in fees and $6,963.17 in expenses. Plaintiff contends that the district court erred by not giving proper weight to the contingent nature and the undesirability of the case, by delaying its decision without any consideration of compensating for the delay in payment by awarding interest, by not using current rates, and by reducing the number of compensable hours. In spite of

the validity of some of the points made by plaintiff, we can not reverse the decision of the district judge under the abuse of discretion standard of review.

The controlling factors, in our judgment, are that the plaintiff is not entitled to attorney's fees for the time spent on claims unsuccessfully asserted in this litigation and relationship of the fee to the amount of recovery obtained. *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Plaintiff was employed for ten years by a grocery store, one of five owned by the individual proprietor defendant. Plaintiff asserted two claims which she lost: a discriminatory failure to promote and a discriminatory failure to rehire, both under Title VII. She alleged and proved a claim under the Equal Pay Act that she had been denied pay, on the basis of her sex, when she performed the job of higher-paid male managers. She was awarded compensatory and liquidated damages in the amount of $6,504.60. No injunctive relief was obtained. This was not a class action. There is no indication that any significant legal precedent was set or that anyone other than plaintiff benefited from the efforts of counsel.

In a detailed order, the district court determined that the defendant was not liable for the attorney's time in working on the unsuccessful claims. Although the issue is not without dispute, the district court properly applied the law in this Circuit. *Familias Unidas v. Briscoe,* 619 F.2d 391, 406 (5th Cir.1980); *Hardy v. Porter,* 613 F.2d 112, 114 (5th Cir.1980). The claims on which plaintiff did not prevail were not sufficiently intertwined with the successful claim as to require compensation. *See Morgado v. Birmingham-Jefferson County Civil Defense Corps,* 706 F.2d 1184, 1193–1194, (11th Cir.1983).

Having decided that issue, the district court then stated that "a review of the trial

---

1. The Fifth Circuit having been divided on October 1, 1981, P.L. 96–452, 94 Stat. 1995, this appeal from the Northern District of Alabama comes to the Eleventh Circuit. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1208 (11th Cir.1981) (en banc).

record, as well as a review of the submissions of counsel, indicates that preparation for the issue upon which the plaintiff prevailed was equal to $^{70}/_{191}$ of the total preparation by counsel." It then took the precise hours asserted by counsel and calculated the reduction. The court properly allowed the hours spent seeking attorney's fees. *Johnson v. Mississippi,* 606 F.2d 635 (5th Cir. 1979).

 In a case where part of the attorney's efforts are to go uncompensated, the burden is on the attorney to provide sufficient evidence for the court to make a correct division. *National Association of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1327–28 (D.C.Cir.1982) (when plaintiff does not ultimately prevail on all issues, fee application should indicate whether time expended on unsuccessful claims was excluded and, if so, the nature of the work and number of hours involved should be stated). *Cf. Freeman v. Motor Convoy, Inc.,* 700 F.2d 1339, 1357 (11th Cir. 1983) (upholding fee award where plaintiffs' counsel identified and eliminated to the extent possible time spent litigating liability of a defendant against whom plaintiffs ultimately did not prevail). Although appellant faults the division made by the trial court, she points to no evidence in the record that would support any other division. We can find no abuse of discretion in the decision that was made based on this record.

We decline to consider all of the detailed arguments made on this appeal which fail to consider that plaintiff is not entitled to the fee she would have received had she prevailed on all issues. We note some errors in the district court's findings. A trial judge cannot substitute his own judgment for uncontradicted evidence, without explanation and record support. *Marable v. Walker,* 704 F.2d 1219 (11th Cir.1983). Conversely, however, the court does not have to accept uncontradicted evidence if there is a reason for rejecting it. *See Claiborne v. Illinois Central R.R.,* 583 F.2d 143, 155 (5th Cir.1978) (finding no abuse of discretion in trial court's disallow-

ance of hours undocumented even though defendant did not contest time). The ultimate goal is reasonable compensation. We agree that an effective fee of $23.50 per hour would be an abuse of discretion. But considering only the hours found compensable by the trial judge, that is not the effective rate.

The plaintiff obtained a monetary award of $6,504.60. The attorney's fee was $11,954.94, the expenses an additional $6,963.17. Necessarily much of the legal work focused on the important Title VII issues, which were lost. We cannot say that the award is unreasonable.

AFFIRMED.