NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, a/k/a NAACP; and Hall, Leroy, Jr., Plaintiffs-Appellants,

v.

The CITY OF EVERGREEN, ALABAMA, a municipal corporation; Tuggle, O.B., individually and as mayor of the City of Evergreen, Alabama; and the Evergreen Housing Board and Authority, Defendants-Appellees.

No. 86–7008.

United States Court of Appeals, Eleventh Circuit.

Feb. 27, 1987.

Donald V. Watkins, Montgomery, Ala., for plaintiffs-appellants.

Tommy Chapman, Evergreen, Ala., for City of Evergreen, Ala., a municipal.

Before FAY and JOHNSON, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Appellant, National Association for the Advancement of Colored People ("NAACP"), appeals from an award of attorney's fees in its favor against Appellees, City of Evergreen and its Mayor ("City")[1], alleging that the district court abused its discretion in reducing the amount of the award requested. We vacate the award and remand for reconsideration in light of this opinion.

## I. FACTS

This appeal is the latest phase of litigation filed in May 1979 pursuant to 42 U.S.C.A. § 2000e *et seq.* and 42 U.S.C.A. §§ 1981, 1983 and 1985(3), alleging discrimination in the hiring and promotional practices of the City of Evergreen. In a previous appeal, this Court reversed the denial of injunctive relief by the district court and remanded with instructions that the district court fashion an appropriate decree enjoining discriminatory employment practices.

[1.] Pat Poole, the current Mayor of Evergreen, was substituted for former Mayor O.B. Tuggle pursuant to Fed.R.Civ.P. 25(d)(1).

[2.] The district court had found that discriminatory practices did exist, and had granted the NAACP's request for declaratory relief, as well as attorney's fees pursuant to 42 U.S.C.A.

*NAACP v. City of Evergreen,* 693 F.2d 1367, 1370–71 (11th Cir.1982).[2]

On January 17, 1983, the district court entered an order pursuant to this Court's mandate enjoining the City of Evergreen from engaging in racially discriminatory employment practices and ordering the City "to publish notices of job vacancies, job descriptions, and objective, job verified guidelines for selection of employees for the various city agencies and departments." On November 19, 1984, the NAACP filed a motion for further relief and a contempt citation alleging that the Evergreen Police Department engaged in a policy and practice of hiring white employees over equally or better qualified black employees in order to maintain an artificial ratio of black to white police officers in violation of the January 17, 1983 Order. The motion also alleged that the City's failure to desegregate the Conecuh-Monroe Counties Gas Board violated the Fourteenth Amendment. The motion sought a contempt citation, a monetary fine, a new preliminary and permanent injunction requiring the City to desegregate the Gas Board, and an award of costs and reasonable attorney's fees. The NAACP also claimed that the City had violated the January 17, 1983 Order in that it had failed to advertise the positions of Police Chief and City Clerk, that job descriptions for each full-time City position were not written and/or published, and that the guidelines for the selection of City employees were not published.

The district court found that the NAACP was entitled to issuance of a contempt citation, injunctive relief and an award of costs and attorney's fees under 42 U.S.C.A. § 1988 because the failure to advertise all job openings and to publish written job guidelines violated the January 17, 1983 Order, but that the NAACP had failed to make out a prima facie case of hiring dis-

§ 1988. The district court, however, had denied the NAACP's request for an injunction against Evergreen because it found that the City had adopted a policy of nondiscriminatory hiring during the course of the litigation. *Evergreen I,* 693 F.2d at 1370.

crimination in the police department and that its claim regarding failure to desegregate the Gas Board should have been brought against the Gas Board instead of the City. The district court issued an order requiring the City, within 60 days, to

> publish written job descriptions for each full time job offered ...; publish minimum job qualifications needed for each said position; publish written personnel procedures governing the entire selection process for each position; develop written interview and rating forms to be maintained in the applicant's personnel file; keep applications for positions for a minimum of three (3) years; and advertise each and every full time position for two (2) consecutive weeks in a newspaper of general circulation in Conecuh County.

The district court also ordered the NAACP to submit affidavits showing time spent on issues with regard to which it had prevailed at a rate comparable to the rates commonly charged in the area. The affidavit submitted by the NAACP's attorney showed 74.7 hours of work (68.7 out of court and 6.0 in court) spent on the litigation and requested attorney's fees in the amount of $13,446.00 (representing an hourly rate of $120.00 per hour, enhanced by 50% to $180.00 per hour) and costs in the amount of $737.15. The fee application was not opposed by the City.

On December 17, 1985, the district court entered an order awarding $900.00 in attorney's fees and $682.15 in costs. This award represented 10 hours of attorney time at $90.00 per hour, with no enhancement, and disallowance of $55.00 in copying costs. The NAACP then filed this appeal alleging that the reduction of the amount of attorney's fees and costs constituted an abuse of the district court's discretion and requesting that this Court increase the amount to that originally requested ($14,-183.15) plus the NAACP's attorney's fees and costs incurred in this appeal.

## II. DISCUSSION

The district court's award of attorney's fees must be upheld unless there is a clear abuse of discretion. *Freeman v. Motor Convoy, Inc.,* 700 F.2d 1339, 1356 (11th Cir.1983). The NAACP argues that the district court abused its discretion in reducing the hours and rate requested by the NAACP, in denying its request for enhancement, and in disallowing $55.00 of requested costs.

■ Initially we note that a district court does not abuse its discretion simply by reducing the amount of an unopposed fee award. A trial judge cannot substitute his own judgment for uncontradicted evidence, without explanation and record support, but he does not have to accept uncontradicted evidence if there is a reason for rejecting it. *King v. McCord,* 707 F.2d 466, 468 (11th Cir.1983) (*King II*) (disallowance of hours for unsuccessful claims); *accord, Carmichael v. Birmingham Saw Works,* 738 F.2d 1126, 1137 (11th Cir.1984) (reduction of requested hourly rate); *Claiborne v. Illinois Central R.R.,* 583 F.2d 143, 155 (5th Cir.1978), *cert. denied,* 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 303 (1979) (disallowance of estimated hours). Therefore, to determine whether the district court abused its discretion by reducing the amount of the NAACP's award, we must focus on the explanation of the reduction given by the district court and the existence of record support for the district court's determination.

### A. Reduction of Hours

The district court's reduction of the hours contained in the affidavit was based on its determination that the only prevailing claim in this case was the claim that the City was in contempt of the January 17, 1983 Order because of failure to publish notices of job vacancies and job descriptions for all full-time City positions and failure to publish objective, job verified guidelines for the selection of City employees. The district court found that the time spent on this prevailing claim was separable from time spent on the unsuccessful claims and, therefore, disallowed time spent on the unsuccessful claims.[3]

---

3. The district court found that "plaintiffs' action presented distinctly different claims for relief

■ Time spent on unsuccessful claims that are not related to successful claims should be excluded in considering the amount of a reasonable attorney's fee. *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983). However, the district court's opinion fails to relate this legal principle to the actual reduction in hours made. When a district court finds the number of hours excessive, it should explain which hours are disallowed and why an award of fees for those hours would be improper. *Hill v. Seaboard Coast Line R. Co.*, 767 F.2d 771, 775 (11th Cir.1985). The affidavit of the NAACP's attorney states that the entire 74.7 hours included represents time spent on issues with regard to which the NAACP prevailed, "e.g., the issuance of a contempt citation, injunctive relief and an award of costs, including attorney's fees," and that "[s]pecifically excluded from the affidavit is time spent on the issue relating to the Conecuh-Monroe Counties Gas Board." The district court's rationale for reducing this amount is that "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved" and that "plaintiff's purposes could have been accomplished with approximately ten (10) hours of preparation." Implicit in this statement is a finding that the affidavit contained time expended on unsuccessful and separable claims. However, the district court does not indicate which unsuccessful claims were included, nor does it point to the hours that are attributable to those claims.[4] In fact, the district court gives no basis for its determination that ten hours was a reasonable amount of time, other than its statement that the prevailing claim was established by the NAACP's first witness.

■ A prerequisite for our review of an attorney's fee award is that the district court's opinion must have explained the reasons for the award with "sufficient clarity to enable an appellate court to intelligently review the award." *King v. McCord*, 621 F.2d 205, 205 (5th Cir.1980) (*King I*); accord, *Marable v. Walker*, 704 F.2d 1219, 1222 (11th Cir.1983). The district court's rationale for reduction of the hours claimed in this case by 64.7 hours clearly lacks the requisite clarity.

■ When an opinion lacks the requisite clarity, the normal course is for this Court to vacate the award and remand for reconsideration and clarification. We follow that course in this case, but in doing so we also find that the district court's determination that ten hours was a reasonable amount of time to spend on the NAACP's prevailing claim was clearly erroneous. Although the district court's failure to identify the hours disallowed prevents our review of the overall propriety of that disallowance, the record clearly shows that at least some hours which were related and necessary to the successful claim have been disallowed by the district court. For instance, the affidavit lists seven hours of travel time to and from the trial and another four hours for travel to Evergreen and back to take depositions. The district court allowed all expenses requested in connection with these trips. Clearly, travel time would not vary with the number of claims on which the NAACP prevailed.

### B. Reduction in Hourly Rate

The district court reduced the requested rate of $120 an hour to $90.00 an hour because it concluded that the prosecution

that are based on different facts and legal theories." It stated that the issues were neither complex nor intertwined and that, after consideration of the relationship of the prevailing claims and the rejected claims, it "fail[ed] to find that the investigation and prosecution of the entire case contributed to the success of the claims in which the plaintiff prevailed." Although the NAACP asserts that all hours contained in its attorney's affidavit represent time spent on issues with regard to which it prevailed, the NAACP has not questioned, nor even

discussed, in connection with this appeal the district court's findings with regard to the separability of the NAACP's claims.

4. Our examination of the affidavit indicates that at least some time expended on the unsuccessful hiring discrimination claim probably has been included; however, our job is not to speculate as to what findings the district court should have made, but rather to review those actually made.

of the prevailing claim was more akin to "any other civil action wherein one party seeks relief for an opposing party's failure to comply with the mandates of a court order" than to a civil rights action and that "similar work supports a fee between $60.00 and $90.00 per hour." The district court then found, after consideration of the *Johnson* factors, *see Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974)[5], that "ninety dollars ($90.00) per hour is an appropriate rate ... and ... is reasonable and comparable to rates commonly charged in the area for similar services."

■ The district court's determination that similar work supports a fee of $90.00 lacks sufficient clarity for our review because there is nothing in the record of this case to support that determination. A trial judge cannot substitute his own judgment for uncontradicted evidence without record support. *King II*, 707 F.2d at 468. *Cf. Marable*, 704 F.2d at 1222 (order lacks sufficient clarity when no basis in record for hourly rate fixed by trial court).

Further, while the district court made findings with regard to all of the *Johnson* factors, it relates only some of those findings to its actual determination of the appropriate attorney's fee, giving no indication of the manner in which other findings influenced its decision, if they did so at all. It is not enough to make findings with regard to the *Johnson* criteria; "the manner in which these elements influenced the attorney's fees award must be elucidated by the trial court." *King I*, 621 F.2d at 206 (quoting *Sweeney v. Vindale Corp.*, 574 F.2d 1296, 1301 (5th Cir.1978)). "Without this explanation, 'review is impossible because no basis exists to judge the trial court's exercise of its discretion.'" *Carmichael*, 738 F.2d at 1138 (quoting *Fitz-*

*patrick v. Internal Revenue Service*, 665 F.2d 327, 332 (11th Cir.1982)).

C. Enhancement

The NAACP also argues that the district court abused its discretion in disallowing the 50% enhancement the NAACP requested. The NAACP sought a 50% enhancement based on (1) the contingent nature of the fee arrangement; (2) the undesirable nature of the litigation; (3) preclusion of other employment; and (4) the assertion that the relief obtained was of great benefit to the black citizens of Evergreen and represented exceptional success.

The district court specifically found that enhancement based on the contingent nature of the case was inappropriate because the NAACP was "virtually guaranteed success" on its contempt claim and, therefore, the contingent nature of the case resulted in very little risk. It also found that preclusion of other employment did not support enhancement because counsel's practice was built around civil rights litigation and also because of the district court's previous findings with regard to the small amount of time required to prepare and present the prevailing claim. The district court also made findings with regard to the undesirability of the case, noting that "efforts of civil rights attorneys are often times unpleasantly received" but that "civil rights litigation is counsel's forte and this is so by counsel's own volition." The district court, however, did not explicitly state how these findings affected its determination regarding enhancement, although presumably the effect was negative. The district court's opinion does not address at all the last factor that the NAACP argued justified enhancement—that the relief obtained was of great benefit to black citizens of Evergreen and represented exceptional success.

5. In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), the predecessor of this Court set out twelve factors to guide a district court's determination of a reasonable attorney's fee: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717–19.

■ The district court's determination that enhancement was not appropriate thus suffers from some of the same ambiguities as discussed with regard to its other determinations. On remand, the district court should make findings with regard to each of the grounds put forward by the NAACP as warranting an enhancement and relate those findings to its ultimate determination of the issue. We note, however, in remanding, that the Supreme Court has held that the fact the results obtained would be of far-reaching significance to a large number of people usually is not grounds for enhancement, because the results obtained, as one of the *Johnson* factors, normally will be subsumed in the calculation of a reasonable fee and, therefore, usually should not provide an independent basis for increasing the fee award. *Blum v. Stenson*, 465 U.S. 886, 900, 104 S.Ct. 1541, 1549–50, 79 L.Ed.2d 891 (1984). The award may be enhanced, however, "in some cases of exceptional success." *Id.* at 897, 104 S.Ct. at 1548 (quoting *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940). The district court's reconsideration of the appropriateness of an enhancement based on this factor should be made in light of these principles.[6]

D. Expenses

■ "[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988" and "the standard of reasonableness is to be given a liberal interpretation." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983). Under this standard, copying costs normally would be included. *See id.* The district court, however, found that $55.00 in copying costs should be excluded. Be-

cause the district court gave no rationale for its disallowance of the copying costs, there is no basis upon which this Court can conduct an intelligent review of this issue. If upon remand, the district court is of the opinion that copying costs should be disallowed, then it should set out its reasons for disallowing this expense.

### III. CONCLUSION

■ In finding that this award must be vacated and remanded for reconsideration, we note that the lack of clarity in the district court's opinion must have been due in part to the ambiguity in the NAACP's affidavit and the failure of the City to oppose the fee application. The attorney's fee application should indicate whether nonproductive time or time expended on unsuccessful claims was excluded and, if so, the nature of the work and the number of hours involved should be stated. *National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1327–28 (D.C.Cir.1982), *cited with approval in King II*, 707 F.2d at 468. Further, while counsel is not required to record in great detail how each minute of his time was expended, counsel should at least "identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n. 12, 103 S.Ct. at 1941 n. 12.

The affidavit of the NAACP's attorney does not meet these standards. Despite the district court's order that the NAACP present a fee application only with regard to prevailing claims, the NAACP's affidavit apparently contains time spent on at least one of the unsuccessful claims with no attempt to divide that time from time spent on the successful claim. Further, counsel's descriptions of how time was spent are often so general that it would be impossible for the district court to make such a divi-

6. The basic assumption of *Blum*, however, is that the district court will have taken factors such as the benefit obtained into account in its initial determination of the reasonable fee. There is no indication that the district court has done so in this case. In fact, it appears that the district court limited its consideration of the results obtained to its determination that the prevailing and unsuccessful claims were separa-

ble. On remand, the district court should take into account all relevant considerations put forth by the NAACP in determining the effect of the results obtained, as well as the effect of the other *Johnson* factors, on its initial calculation of a reasonable attorney's fee. It should then consider whether the NAACP has shown grounds for an enhancement of that initial calculation.

sion itself. Attorneys should bear in mind that the fee applicant has the burden of providing evidence on the basis of which the district court can make a correct division, and that appellate courts do not look kindly upon the complaints of a plaintiff who has failed to do so. *King II,* 707 F.2d at 468. They also should remember that the applicant bears the burden of producing satisfactory evidence, in addition to the attorney's own affidavits, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation, *Blum,* 465 U.S. at 896 n. 11, 104 S.Ct. at 1547 n. 11, as well as the burden of showing that an enhancement of the basic fee award is necessary. *Id.* at 898, 104 S.Ct. at 1548–49.

We also note that, although the City has opposed reversal of the district court's award on this appeal, it failed to present any opposition to the fee application below, thereby depriving the district court of "factual evidence to guide the court regarding the amount of fee or enhancement that would be reasonable," *Hall v. Bd. of School Comm'rs of Conecuh County,* 707 F.2d 464, 466 (11th Cir.1983), as well as the clarification of issues that is a valuable part of our adversarial system.[7]

Nevertheless, the ultimate goal of the trial court in considering a fee application is reasonable compensation. *King II,* 707 F.2d at 468. For this reason, the district court is not required to accept uncontradicted evidence when there is a reason for rejecting it, *see id,* and, for this same reason, the district court should give the applicant an adequate opportunity to respond to the court's concerns regarding the fee application and to correct perceived inadequacies in that application before making its

decision. This is particularly necessary in the situation when the fee application is unopposed.

It is clear that, in order to determine a fair and reasonable attorney's fee in this case, the district court required more information than was contained in the record below. On remand, the NAACP should be allowed to supplement its insufficient affidavits and to respond to the district court's conclusion that a reasonable hourly rate in this case would be $90.00. If necessary, the district court should hold an evidentiary hearing. *Cf. King I,* 621 F.2d at 206 (award vacated and case remanded for evidentiary hearing when record insufficient); *Carmichael,* 738 F.2d at 1139 (award vacated and case remanded for production of "record of adequate detail to permit meaningful and efficient review"); *Marable,* 704 F.2d at 1222 (award vacated and case remanded for clarification and evidentiary hearing when there was no evidence in record to support hourly rate chosen by court and plaintiff should be given opportunity to respond to court's reference to prior rulings as evidencing the proper rate).

As discussed above, it is equally clear that the district court must provide a more explicit explanation of its reasons for reaching its determination as to the appropriate fee in this case and relate those reasons to the record before it. The district court's opinion on remand should state its reasons for disallowing any fees, costs or enhancement it may determine should be disallowed, identify any hours that are to be disallowed, and explain how its consideration of each of the *Johnson* factors affected the fee award ultimately made.

Accordingly, the judgment of the district court is vacated and the case is remanded for further proceedings consistent with this

---

7. The NAACP argues that this Court should affirm the award of attorney's fees and modify the amount to that originally requested on the authority of *Hall.* In *Hall,* this Court found an abuse of discretion when the hourly rate was reduced and the 50% enhancement was denied on an essentially unopposed fee application because there was no evidence in the record to support the hourly rate chosen by the district court or to indicate that the requested contingency enhancement was unreasonable. *Id.* at

465. The *Hall* decision, however, was "based on the unusual facts of [that] case," including the fact plaintiff had prevailed on all issues, the district court had not given any reason for the reduction in hourly rate. there was no evidence to suggest that any reduction was warranted, and the litigation had been prolonged, resulting in counsel being denied fees for a substantial period of time. *Id.* at 465–66. None of these factors is present in this case.

opinion. In addition to its reconsideration of its fee award on remand, the district court shall award such attorney's fees and costs as may be appropriate for this appeal.

VACATED and REMANDED.